# CASES

## DECIDED IN THE

# SUPREME COURT OF GEORGIA

### AT THE

## OCTOBER TERM, 1916.

---

### JONES *et al. v.* CARLTON *et al.*

1. This case falls within the general rule that a court having equitable jurisdiction will not restrain, by injunction, a prosecution for the violation of a penal ordinance; nor will it, on a petition of this nature, inquire into the validity of the ordinance.
2. A defendant may resist by demurrer the grant of an interlocutory injunction; but inasmuch as the court can not finally adjudicate the case on demurrer at a hearing before the appearance term, no ruling is made as to the merits of the demurrer for misjoinder and nonjoinder of parties.

OCTOBER 17, 1916.

Injunction. Before Judge Highsmith. Camden superior court. March 18, 1916.

*A. D. Gale,* for plaintiffs in error. *S. C. Townsend,* contra.

EVANS, P. J. The City of Kingsland passed an ordinance imposing certain license taxes for doing business in that municipality. The enforcement of the license tax was by fine, or labor on the streets, of all persons liable to the tax, who transacted business without first obtaining a license so to do. Several persons, conducting business within the purview of the ordinance, filed a petition against the mayor and marshal of the municipality, alleging, that the ordinance was void as not being authorized by the municipal charter; that petitioners had been arrested and fined for doing business without a license; that they had sued out writs of habeas corpus before the ordinary, but the mayor had notified them that he would continue to have them arrested if they attempted to do business without a license. Wherefore they prayed for an in-

1

junction against further arrests and trials, and that on the final trial the defendants be enjoined from interfering with the business of petitioners. On an interlocutory hearing the defendants were enjoined as prayed.

1. This case falls within the principle applied in *City of Bainbridge* v. *Reynolds,* 111 *Ga.* 758 (36 S. E. 935). In that case the city imposed, among other business taxes, a tax on agents of a "non-resident steam laundry." The enforcement of the ordinance was by prosecution under its penal provision. One sought to be held liable for the tax applied for an injunction to prevent the institution against himself of a prosecution for failure to pay the tax, on the ground that the ordinance was void. It was held that "a court of equity will not by injunction prevent the institution of a prosecution for the violation of a penal municipal ordinance; nor will it, upon petition for injunction of this nature, inquire into the validity of such an ordinance, upon constitutional or other grounds." See also *Mayor &c. of Jonesboro* v. *Central Ry. Co.,* 134 *Ga.* 190 (67 S. E. 716). We think this case falls within the general rule as above stated, rather than under the exception that in some cases, involving special facts, equity will enjoin the enforcement of a penal ordinance, where the prosecutions are solely for the purpose of unlawfully taking or destroying property, or preventing the exercise of a franchise granted by the State. *Cutsinger* v. *Atlanta,* 142 *Ga.* 555 (83 S. E. 263, L. R. A. 1915B, 1097, Ann. Cas. 1916C, 280) ; *Carey* v. *Atlanta,* 143 *Ga.* 192 (84 S. E. 456, L. R. A. 1915D, 684).

2. It was urged by demurrer, in resistance of the temporary injunction, that there was a misjoinder of parties plaintiff, and a nonjoinder of parties defendant. Inasmuch as the court could not finally pass on the demurrer in advance of the appearance term, we make no ruling on these points.

<div align="center">

*Judgment reversed.    All the Justices concur.*