## GLOVER *et al. v.* CITY OF ATLANTA *et al.* (two cases).

PER CURIAM. 1. In *Harden* v. *City of Atlanta,* 147 *Ga.* 248 (93 S. E. 401), a case involving the validity of a race-segregation ordinance of the City of Atlanta, a reproduction of an ordinance adopted by the City of Louisville, Ky., this court as then constituted, in an opinion by a majority of the Justices, held that such ordinance was not repugnant to the 14th amendment of the constitution of the United States.

2. In Buchanan *v.* Warley, 245 U. S. 60 (38 Sup. Ct. 60, 62 L. ed. ——), a case involving the validity of the ordinance of the City of Louisville, Ky., decided subsequently to the decision of *Harden* v. *City of Atlanta,* the Supreme Court of the United States held: "An ordinance which forbids colored persons to occupy houses in blocks where the greater number of houses are occupied by white persons, in practical effect prevents the sale of lots in such blocks to colored persons, and is unconstitutional. A white owner, who has made an otherwise valid and enforceable contract to convey such a lot to a colored person, for the erection of a house upon it for occupancy by the vendee, is deprived, in violation of the fourteenth amendment, of an essential element of his

property,—the right to dispose of it to a constitutionally qualified purchaser. . . A city ordinance forbidding colored persons from occupying houses as residences, or places of abode or public assembly, on blocks where the majority of the houses are occupied by white persons for those purposes, and in like manner forbidding white persons when the conditions as to occupancy are reversed, and which bases the interdiction upon color and nothing more, passes the legitimate bounds of police power and invades the civil right to acquire, enjoy, and use property, which is guaranteed in equal measure to all citizens, white or colored, by the fourteenth amendment."

3. In the cases at bar the validity of the race-segregation ordinance of the City of Atlanta, which was upheld in *Harden* v. *Atlanta*, supra, is again called in question. The decision of the Supreme Court of the United States in Buchanan *v.* Warley is controlling upon the questions made, and the decision in *Harden* v. *Atlanta*, upon review, is overruled.

4. While as a general rule equity will not enjoin a criminal prosecution, yet where prosecutions are threatened under a void municipal ordinance, and the effect of such prosecutions would tend to injure or destroy the property of the person so prosecuted and deprive him of the legitimate use and enjoyment of his property, equity will entertain a suit to inquire into the validity of the ordinance and enjoin its enforcement. *Carey* v. *Atlanta*, 143 *Ga.* 192 (2) (84 S. E. 456, L. R. A. 1915D, 684, Ann. Cas. 1916E, 1151).

5. Accordingly, it was error to dismiss, upon oral motion, the petitions filed by the plaintiffs. The judgments complained of were entered after the decision by this court in *Harden* v. *Atlanta*, supra, and before the decision of the Supreme Court of the United States in Buchanan *v.* Warley, supra.    *Judgments reversed. All the Justices concur.*

Nos. 679, 680. August 13, 1918.

Equitable petition. Before Judge Pendleton. Fulton superior court. October 16, 1917.

*Richard B. Russell* and *Harry A. Etheridge,* for plaintiffs.

*James L. Mayson* and *Samuel D. Hewlett,* for defendants.