PATTERSON *et al.* v. BANK OF ALAPAHA; *et vice versa.*

A constitutional question not raised in and passed upon by the trial court will not be considered when made for the first time in the appellate court. And where no other assignment of error brings the case within

the jurisdiction of the Supreme Court, it will be transmitted to the Court of Appeals.

No. 488. SEPTEMBER 10, 1918.

Writ of error; from city court of Thomasville.

*Titus, Dekle & Hopkins,* for plaintiffs in error.

*Merrill & Grantham.* contra.

HILL, J. We are of the opinion that the Supreme Court has no jurisdiction of this case. So much of section 31 of the act of 1905, creating the city court of Thomasville (Acts 1905, p. 392), which section is as follows: "The judge shall have power to hear and determine all civil cases of which said court has jurisdiction, and to give judgment and execution thereon," in so far as it confers upon the judge of the city court of Thomasville jurisdiction to render a judgment upon a conditional contract between the parties without the intervention of a jury, where no jury is demanded, is sought to be attacked as being in conflict with the provisions of art. 6, sec. 4, par. 7, of the constitution of Georgia, as contained in section 6516 of the Civil Code of 1910, and it is contended that such provision of the act is unconstitutional and void. Upon inspection of the record in this case it appears that this constitutional question, which if properly presented would be within the jurisdiction of this court for determination, is raised for the first time in the bill of exceptions, and that it was not raised in and passed upon by the lower court. No valid assignment of error is therefore made, so as to make this question the subject of review. No other question is made in the record which would bring the case within the jurisdiction of this court. It is therefore ordered that the case be transmitted to the Court of Appeals. *Bolton* v. *City of Newnan,* 147 *Ga.* 400 (94 S. E. 236).