## CHEVROLET MOTOR CO. v. CITY OF ATLANTA et al.

Section 23 of the tax ordinance of the City of Atlanta for 1921-1922 provides: "All persons, firms, or corporations engaged in any business, trade, or occupation specified below, in the City of Atlanta, shall

be required to register their various business, trade or occupation, and obtain a license, for which he, she, or they shall pay the amount hereafter set opposite such business, trade or occupation, to be due and payable on the first day of July, 1921, and ending June 30, 1922, except automobiles, hacks, cabs, drays, transfer companies; license year to begin January 1st, 1921." Section 30 of the same ordinance sets out a schedule of license taxes which includes the provision: Automobiles, or similar machines, dealers in or agents for — $120.00." *Held*, that under proper construction these provisions of the ordinance do not classify wholesale and retail "dealers in" automobiles and require a license from each, nor do they require more than one license for a "dealer in" automobiles where the business of the dealer is conducted at two separate places, the busness at one place being as "dealer in" automobiles at wholesale and at the other as "dealer in" automobiles at retail.

(*a*) Plaintiff did not have an adequate remedy at law.

(*b*) The trial judge erred, at the interlocutory hearing, in refusing the application for temporary injunction.

No. 3227.    FEBRUARY 13, 1923.

Petition for injunction. Before Judge Pendleton. Fulton superior court. March 20, 1922.

The Chevrolet Motor Company, a corporation engaged in selling automobiles, owned and operated a store at 444 Whitehall Street, where it sold automobiles at wholesale, and another store at 221 Peachtree Street, where it sold automobiles at retail, both places of business being in the city of Atlanta. The company paid a license tax of $120, and received from the city a receipt for such sum, which stated that the amount was "for License as Auto Dealer at No. 444 Whitehall Street, which authorizes said business from July 1, 1921, to June 30, 1922." Thereafter the City of Atlanta demanded of the company the payment of an additional $120 per year, on the ground that the company was liable for a tax of such amount on account of the retail business conducted at No. 221 Peachtree Street. On September 29, 1921, the company paid $60 under protest, and received two receipts for $30 each. One of the receipts stated that the amount was: "Registration tax on the business of Auto Dealers, No. 221 Peachtree Street in said City, from the —— day of July, 1921, to the 30th day of Sept., 1921." The other stated the amount received was: "For License as Auto Dealers at No. 221 Peachtree Street, which authorizes said business from Oct. 1, 1921, to Dec. 31, 1921." Afterwards the city demanded payment of a further tax from January 1st, 1922, to March 31st, 1922, amounting to $30, which the com-

pany refused to pay. The city threatened to collect the tax or to enforce the payment by the arrest of its officers or agents, as provided by the penal code of the city; whereupon the company filed its petition seeking to recover the $60 paid under protest, and to enjoin the city from collecting the $30 demanded of the company for the quarter ending March 31. The defendant filed a demurrer and answer. The answer admitted the alleged payment and the city's intention to require the further payment, and stated: " That the reason why additional license was demanded of defendant is that the Chevrolet Motor Company, under its license, . . was authorized to conduct a business as auto dealer at number 444 Whitehall Street. The other license which is demanded of plaintiff, and which plaintiff paid for a previous period, is for the conduct of a retail business as auto dealer at 221 Peachtree street, in the City of Atlanta, where plaintiff conducts a retail automobile business, which is a distinct and separate business from that conducted at 444 Whitehall street, for which latter business a business license has been paid." At an interlocutory hearing the court refused a temporary injunction, and the plaintiff excepted.

*Chalmers & Stewart,* for plaintiff.

*J. L. Mayson* and *J. M. Wood,* for defendants.

ATKINSON, J. The question is made whether, after the company had received and paid for a license to engage in business as a " dealer in " automobiles, the administrative officers of the city could during the life of such license require the company to procure and pay for another license to engage in business as a " dealer in " automobiles, on the ground that the company was a " dealer in " automobiles in two separate places in the city, one of which was a retail business and the other a wholesale business. The power to exact and collect for all licenses to engage in business in the City of Atlanta during the period in question is provided for in the " Tax Ordinance for 1921-1922 " of the city; and the decision of the above question must depend on a proper construction of the relevant provisions of that ordinance. Sections 1 to 7, inclusive, relate exclusively to ad valorem taxes. Section 8 relates to street tax and working the streets. Sections 9 to 22, inclusive, refer to license tax to engage in various kinds of business, having no reference to " dealers in " automobiles. Then follow:

" Sec. 23. All persons, firms, or corporations engaged in any

business, trade or occupation, specified below, in the City of Atlanta, shall be required to register their various business, trade or occupation, and obtain a license, for which he, she, or they shall pay the amount hereafter set opposite such business, trade or occupation, to be due and payable on the first day of July, 1921, and ending June 30, 1922, except automobiles, hacks, cabs, drays, transfer companies; license year to begin January 1st, 1921.

" Sec. 24.   Any person, firm, or corporation advertising by signs, cards, circulars, newspaper advertising, or otherwise, that any one is in a business of any kind, shall be held liable for the license required for such business.

" Sec. 25.   All persons, firms, or corporations doing business of any description or character whatever in said city, who are required to register and pay license therefor, who shall refuse or fail to register such business by the 5th day of July, 1921, or those taking out license quarterly, who fail or refuse to do so by the 5th day after the beginning of the quarter, shall have execution issued against them by the Clerk of Council, which shall be levied and collected by the Marshal as other tax executions.   And any persons whose duty it shall be to register their business, and who shall fail or refuse to do so, may be arrested and brought before the Recorder's Court, and, on conviction, fined a sum not exceeding one hundred dollars and costs, or be imprisoned not exceeding thirty days, or both, in the discretion of the court, for each day such business has been done after the 5th of July, 1921, without registering the same.

" Sec. 26.   Any person or persons, firms or corporations, coming into the city for the purpose of engaging in any business for which a license is required by this ordinance, shall apply to the Clerk of Council and procure the same before commencing said business;   and on failure to do so, the Clerk shall issue fi. fa. and place the same in the Marshal's hands for collection, the same to be collected as any other fi. fas. for license are collected.   .   .

" Sec.   28.   Different branches of business shall be carefully classified and defined as to what constitutes a legitimate line of goods for each particular business; and in every case where more than one of the pursuits, employments, or occupations, which by charter and ordinances are especially authorized to be taxed, shall be pursued or carried on in the same place by the same person at

the same time, the tax shall be paid according to the rates severally prescribed by ordinances regulating the same, for each pursuit, employment, or occupation, and for each different and separate line and character of goods especially enumerated and in and the ' Schedule ' hereafter set out as part of Section 30.

" Sec. 29. All licenses, permits, or other grants to carry on any business, avocation, or profession, for which a charge is made by the City of Atlanta, shall be subject to revocation in the discretion of the Mayor and General Council, without notice to the licenses with or without cause.

" Sec. 30. In the following schedule of licenses the prices fixed are per annum, unless otherwise provided for. All licenses shall be paid for in advance, and are transferable by the Clerk of Council, except employment and labor agencies, and such licenses as are granted only by the Mayor and General Council, and shall issue for no less time than to end of current quarter, and the cost of the license for every business begun after the first day of any quarter shall be the same as if the business was begun on the first day of the quarter, except such licenses as are issued by the day, week, or month, as follows :" Then follows a long schedule denoting to what character of business and for what businesses licenses may be issued, and the charge to be made for each. Included in such schedule is " Automobiles, or similar machines, dealers in or agents for — $120.00." The schedule does not elsewhere refer to " dealers in " automobiles, or purport to classify " dealers in " automobiles into " wholesale " and " retail," though in the matter of dry goods, groceries, and several other kinds of business there are such classifications. It is stated that at the time the ordinance was passed there were existing ordinances in the Atlanta City Code of 1910, which should be considered with the foregoing provisions of the ordinance of 1921-1922 in construing that portion of the latter ordinance upon which the present action is founded; but those provisions of the City Code of Atlanta were not copied or fully stated in the brief of evidence contained in the bill of exceptions, and can not be considered, as this court will not take judicial cognizance of them.

The foregoing provisions of section 23, and that part of section 30 of the tax ordinance for 1921-1922 which is copied above and relates to licenses to " dealers in " automobiles, control

this case. All other provisions of the ordinance which are set out are stated for the purpose of throwing such light as they may on the construction of those sections. As already observed section 23 provides: "All persons, firms, or corporations engaged in any business, trade or occupation, specified below, in the City of Atlanta, shall be required to register their various business, trade or occupation, and obtain a license, for which he, she, or they shall pay the amount hereafter set opposite such business, trade or occupation, to be due and payable on the first day of July, 1921, and ending June 30, 1922, except automobiles, hacks, cabs, drays, transfer companies; license year to begin January 1st, 1921." Section 30 purports to make a schedule of persons from whom licenses to engage in designated characters of business shall be exacted, and the charge for each license. Included in the schedule is: "Automobiles, or similar machines, dealers in or agents for —120.00." The ordinance, being an exercise of a delegated power to issue licenses to engage in business, must be construed most strongly against the City. The purpose of the ordinance was to raise revenue by exacting licenses to engage in business; and in so far as it related to the matter of dealing in automobiles, it was not one contemplating police protection or requiring the business to be confined to restricted territory. It does not make any classification of wholesale and retail "dealers in" automobiles and require separate licenses for each, but it refers to "dealers in" automobiles as one class. In these circumstances the fact that one branch of plaintiff's business was wholesale and the other retail would not affect the case, because his first license as "dealer in" automobiles would under such circumstances apply to both wholesale and retail. Again, the language "automobiles or similar machines, dealers in or agents for," does not mention "place" of business, but uses the words "dealers in" and "agents for," indicating an intention to license the person, firm, or corporation engaged in selling automobiles, rather than the place at which they may be sold. In this form the ordinance would apply to a person having an established place of business for sale of automobiles, and to one without an established place of business; whereas it would not apply to the latter if the requirement of a license depended on the place at which the business was conducted. If the city had intended to require "dealers in" automobiles who

conducted such business at more than one place to take out a license for each place of business, no doubt that could have been done by an appropriate ordinance. *Keely* v. *Atlanta, 69 Ga.* 583; *Wilder* v. *Savannah, 70 Ga.* 760 (48 Am. R. 598). But such a requirement does not seem to have been contemplated, and was not possible under the ordinance being considered. The other sections of the ordinance set out above do not require a different conclusion. The ordinance did not authorize the administrative officers of the city to require the additional license. The plaintiff did not have an adequate remedy at law; and the trial judge erred in refusing an injunction. *City of Atlanta* v. *Jacobs, 125 Ga.* 523 (54 S. E. 534).  *Judgment reversed. All the Justices concur.*