## MORROW *v.* CITY OF ATLANTA.

1. The assignment of error in the bill of exceptions is sufficiently specific to require this court to determine whether the judgment of the trial court is contrary to law under the pleadings and evidence in the case.

2. Under the ruling of this court in *Smith* v. *Atlanta,* 161 *Ga.* 769 (132 S. E. 66), the municipal authorities of the City of Atlanta are not authorized to interfere with the use of plaintiff's garage in the rear of his residence for carrying on the lawful business of storing and repairing automobile tires. The court erred in granting a temporary restraining order enjoining the property owner from using his private property for the purpose stated. There was no evidence to show that the existence of the business in question tends to jeopardize neighboring property by fire or otherwise, or that a nuisance had been created or was being maintained; and even if so, a proceeding to abate the nuisance should have been applied as the proper remedy.

3. In so far as the zoning ordinance of the City of Atlanta, adopted April 11, 1922, seeks to deprive the owner of real estate thereafter designated as an apartment zone of the right to use his realty in the pursuit of a business recognized as lawful, such ordinance is unconstitutional and void.

4. As a general rule, equity has no jurisdiction to enjoin a criminal or quasi-criminal prosecution; but an exception is well recognized, that where a prosecution for a violation of a municipal ordinance is threatened which will result in depriving the accused of his right to exercise a business which in and of itself is perfectly lawful, equity will interfere and afford adequate relief.

No. 5129. MAY 13, 1926. ·

Petition for injunction. Before Judge E. D. Thomas. Fulton superior court. September 26, 1925.

*John M. Morrow,* for plaintiff.

*J. L. Mayson* and *C. S. Winn,* for defendant.

RUSSELL, C. J. M. T. Morrow filed a petition for injunction, which upon interlocutory hearing was granted in part, but also partly refused as to a matter deemed most important by the plaintiff; and hence the exception in the present case. As appears from

the record, Morrow is a taxpayer who owns number 55 Norcross Street in the City of Atlanta, Georgia. The lot upon which his dwelling-house is situated is approximately 47x45x237 feet, fronting 47 feet on Norcross Street and running back 237 feet along an alley which affords means of egress and access to the rear of the lot. In 1920, two years before the passage of the ordinance which will hereinafter be referred to as the zoning ordinance approved April 11, 1922, he built a garage in the rear of his lot, parallel with and opening upon the alley just referred to. On December 2, 1924, Morrow was granted a permit by C. J. Bowen, inspector of buildings, to make additions and repairs to this garage, and the customary fees were paid. The expense of the additional building was between six and seven hundred dollars. Morrow was engaged in the tire-repair business for eight or ten years at 66 Edgewood Avenue, but about April 1, 1925, he moved to smaller quarters at 50 Edgewood Avenue, where he could not do repairs as before, but only sell tires and tools. He thereupon "rigged up" the back end of his garage and proceeded there to make such repairs as he had been accustomed to make at 66 Edgewood Avenue before it became necessary to move to 50 Edgewood Avenue. It is alleged that the building inspector ordered the repair equipment moved, and threatened to make a case against Morrow unless he moved it, that the machinery was very expensive, that Morrow had no other place to keep it, that he would suffer irreparable injury and damage if forced to move out, that he had no adequate remedy at law, and "that his property is not worth anything to him if he can not use it legitimately." The petition was amended so as to show that the working place did not constitute a nuisance, and paragraphs 5, 21, 26, and 27 of what is known as the zoning ordinance were set forth; and the petitioner contended that he had not violated the ordinance, and that the acts and doings of the building inspector were arbitrary and unreasonable. It was further contended that if the acts of the building inspector previously set forth were necessary in the performance of his duties under the zoning ordinance, then the ordinance is unconstitutional, in that it violates "art. 1, sec. 10, par. 1, of the constitution of the United States, the clause which provides that no State shall pass a law impairing the obligation of contracts; and also art. 14 of art. 8 of amendments to the United

States constitution, the section which provides that no State shall deprive any person of life, liberty, or property without due process of law; and art. 1, sec. 1, par. 2, of the State constitution, which provides that protection to person and property is the paramount duty of government and shall be impartial and complete, and paragraph 3 of the same article which provides that no person shall be deprived of life, liberty, or property, except by due process of law."

By demurrer and answer the City of Atlanta resisted the grant of an injunction, and insists here, as in the court below, that "this is an effort to enjoin a quasi-criminal prosecution, and a court of equity has no jurisdiction in such cases, under the allegations and proof in this case. *Jones* v. *Carllon,* 146 *Ga.* 1 (90 S. E. 278), and cases cited." "Plaintiff in error, under an amendment to the charter of the City of Atlanta, which provides for the zoning law, had a right of appeal to the board of appeals, and, not having exercised this right, can not apply to a court of equity for a remedy, because he has not exhausted the remedies which the law provides. Furthermore, said law gives the right of certiorari in case said board decides improperly." "The petition of the plaintiff in error shows a violation of the permit. One seeking equity must do equity." "The petition of the plaintiff in error alleges that he had complied with the ordinance; that the building inspector was acting arbitrarily; that, under the zoning law, he was entitled to an injunction. The question of the validity of the zoning ordinance is not raised in the petition. Morrow puts in evidence the city ordinance. The only question, therefore, is whether or not he complied with it. In the brief for plaintiff in error we find that positions are taken as follows: (a) That the building inspector overstepped his authority; and (b) The constitutionality of the portions of the ordinance involved. A constitutional question must be raised directly, and the portions of the constitution relied upon must be set out specifically in the petition. *Hood* v. *Griffin,* 113 *Ga.* 190 (38 S. E. 409); *Taylor* v. *Sandersville,* 118 *Ga.* 65 (44 S. E. 845); *Patterson* v. *Bank,* 148 *Ga.* 356 (96 S. E. 863). Therefore the only questions to be considered here would be the questions raised by the petition, which are to the effect that petitioner was not violating any portion of the zoning law, but was proceeding under and in accordance with

the law." The trial judge restrained the City of Atlanta from interfering with Morrow's use of the garage either as a private garage or for storage of machinery and property other than in-flammable material, but enjoined Morrow from using the property as a tire-repair shop, operating a motor, repairing old tires, or storing old tires in said place, "as prayed in the defendant's answer and cross-bill." To the latter portion of the order the plaintiff excepted.

1. We can not sustain the contention of counsel for the defendant that there is no sufficiently specific assignment of error in the bill of exceptions. Very naturally, the plaintiff in error did not except to the first portion of the judge's order, which was in his favor and which enjoined the City of Atlanta from interfering with his use of his garage for that purpose and his storing anything except inflammable materials; but as to the last paragraph of the order, the bill of exceptions recites: "To the last paragraph of said order which is as follows: 'In so far as the plaintiff seeks to use the property as a tire-repair shop, operating a motor, repairing old tires or storing old tires in said place, the plaintiff is enjoined and restrained, as prayed in the defendant's answer and cross-bill,' the plaintiff in error excepted, now excepts, and assigns the same as error, upon the ground that it is contrary to law." We deem this to be a sufficient assignment of error to present for consideration whether the judgment of the court is contrary to law for any reason set forth in the pleadings, and as to which evidence was adduced before the court.

2. It is insisted in the brief for the defendant that the unconstitutionality of the ordinance which was introduced in evidence before the court is not brought in question and therefore can not be considered here. Nothing is better settled than that constitutional questions must be directly and expressly raised in the lower court, and that the portions of the constitution relied upon must be specifically set out in the petition. We need cite only the cases referred to by counsel and which have already been cited, supra. However, an examination of the record shows that in an amendment to his petition, in which the plaintiff set forth the material portions of the zoning ordinance of Atlanta, it is not only alleged in paragraph 6 that the City of Atlanta exceeded the power and authority given it by its charter, "in that the city

is given no authority, and has none, to dictate what plaintiff shall or shall not store in his garage or barn, . . or to dictate what he shall or shall not do in his own back yard in the way of legitimate work, which in no way affects anybody else," but in paragraph nine plaintiff "alleged that said zoning ordinance, in so far as the provisions above set out are concerned, is contrary to the constitution of the United States, and contrary to the constitution of the State of Georgia," for the reasons heretofore above stated, in which the specific subdivision or paragraph of each of these constitutions is specifically designated. So we are quite sure that the question of the constitutionality of the ordinance is clearly presented by the present writ of error.

In principle the question is settled by the ruling of this court in *Smith* v. *Atlanta,* 161 *Ga.* 769 (132 S. E. 66). Morrow's property is in class U 2, which refers to apartment property, while Mrs. Smith's property was in class U 1, which dealt with residential property; but under the evidence in this case the interference with the private rights of Morrow to use his own property, under the principle of the maxim *sic utere tuo ut alienum non lædas,* is precisely the same. There is no evidence that the vulcanizing of tires in Morrow's back yard, more than eighty feet from the front street, tends to jeopardize neighboring property by fire or otherwise, or works a nuisance to the public or to any individual. If the operation should result in nuisance, the law provides for its abatement in the manner therein described, and the City of Atlanta is without authority or power to pass an ordinance providing a different and far more drastic method of depriving the plaintiff in error of one of his uses of his own property.

3. The defendant insists that the ruling of the court was correct, because equity has no jurisdiction to enjoin a quasi-criminal prosecution, relying upon the ruling announced in *Jones* v. *Carlton,* supra, and cases cited. As pointed out in *Brown* v. *Thomasville,* 156 *Ga.* 260 (118 S. E. 854), while it is true that as a general rule equity will not restrain by injunction a threatened prosecution for a violation of a municipal ordinance, there is a well-recognized exception to this rule. The *Jones* case, supra, was controlled by the general rule, and is a type of a large number of cases such as *Eisfeldt* v. *Atlanta,* 148 *Ga.* 828 (98 S. E. 495), and others which might be cited; but it is a principle equally well

settled that where a prosecution for a violation of a municipal ordinance is threatened which will prevent the exercise of a business which in and of itself is perfectly lawful, equity will enjoin a criminal prosecution. It was further held in the *Brown* case, supra, that the fact that one may violate the law of the State will not of itself confer upon a municipality the right to prevent one from carrying on a business which in and of itself is perfectly lawful, because such person may or may not become guilty of creating a nuisance; since a nuisance may be abated by a proceeding brought for that purpose. We bear in mind, of course, the distinction between ordinances · passed in the exercise of the police power and ordinances passed merely for the purpose of raising revenue, dealt with in the case of *Peginis* v. *Atlanta*, 132 *Ga.* 302 (63 S. E. 857, 35 L. R. A. (N. S.) 716). But conceding that the zoning ordinance is an attempted exercise of the police power of the City of Atlanta, still, upon the general principle stated and the authority cited in *Smith* v. *Atlanta*, supra, as well as the authority upon which the decision in *Glover* v. *Atlanta*, 148 *Ga.* 285 (96 S. E. 562), was based, it is plain that the deprivation of the plaintiff in error of such property rights as he was attempting to exercise on his property at number 55 Norcross Street would abrogate the right of contract which the plaintiff obtained two years before the passage of the ordinance, as well as impinge the due-process clause of the 14th amendment to the constitution of the United States. So we are of the opinion that the trial judge erred in enjoining the plaintiff from conducting his repair shop in the building, no matter what name may be assigned to it, on the rear of his premises.

*Judgment reversed.　All the Justices concur.*