ROBINSON v. CITY OF MACON et al.; et vice versa.

ATKINSON, J. 1. If the mayor and council of the City of Macon under charter authority enact an ordinance prohibiting digging or similar interference with its streets and sidewalks without first having obtained a permit from the city, and the city refuse an application of a lot-owner for a permit to lower the curbing and regrade the sidewalks of two streets on which the lot abuts, so as to make driveways of stated widths from the lot to the traveled portion of each street, and the lot-owner proceeds on his own account, without a permit from the city, to lower the curbing and regrade the sidewalks for the purpose of constructing the driveways from his lot to the traveled portions of the streets, equity will not enjoin the city and its officials from repeatedly arresting and prosecuting the lot-owner and his employees for violations of the ordinance prohibiting interference with the streets, where no attack is made on the validity of the ordinance.

2. Under application of the foregoing ruling, the judgment overruling the general demurrer to the petition, upon which error is assigned in the cross-bill of exceptions, was erroneous.

3. The error in overruling the general demurrer to the petition rendered nugatory all further proceedings in the trial court.

4. The judgment of reversal on the cross-bill of exceptions being controlling of the entire case, the main bill of exceptions, which assigned error on the judgments overruling the demurrer to the answer and refusing a temporary injunction, will be dismissed.

*Judgment reversed on the cross-bill of exceptions. Main bill of exceptions dismissed. All the Justices concur, except Russell, C. J., who dissents.*

Nos. 6239, 6240. SEPTEMBER 18, 1928. REHEARING DENIED SEPTEMBER 28, 1928.

84

*Brock, Sparks & Russell,* for plaintiff.

*Harry S. Strozier* and *Smith & Smith,* for defendants.

ON MOTION FOR REHEARING.

ATKINSON, J. The brief of the attorneys for the plaintiffs in error in the cross-bill of exceptions contains the following: "Plaintiffs in error (defendants) abandoned and waived any questions which might be raised by the demurrer, except that stated in the 3d paragraph thereof, to wit: that plaintiff's right to the permit which he sought is res judicata, because he is bound and concluded by the unreversed judicial, or quasi-judicial, action of the mayor and council upon his first application." The first two paragraphs of the general demurrer to the original petition were sufficiently broad to include the question decided in the first division of the headnote opinion by this court. The defendants' answer was also sufficient to raise the question. The attorneys for the parties on both sides filed separate briefs in this court on the assignments of error in the original bill of exceptions filed by the plaintiff and the cross-bill of exceptions filed by the defendants. With the exception of the original brief filed by the plaintiffs in error in the cross-bill of exceptions, the briefs and reply briefs on both bills of exceptions discussed questions involved in the first and second grounds of demurrer to the original petition. In these circumstances this court, on account of the statement quoted above from the brief of the attorneys, could have refrained from ruling on the question first dealt with, but it was not bound to do so; and owing to the controlling and fundamental character of the question as related to the plaintiff's case, it was deemed proper to deal with the question and, upon the decision thereof, dispose of the

case. The case differs on its facts from those involved in the cases cited by the attorney for the plaintiff, as follows: *City of Atlanta* v. *Gate City Gas Light Co.*, 71 *Ga.* 106 (5); *Georgia Railroad &c. Co.* v. *Atlanta*, 118 *Ga.* 486 (7, 8) (45 S. E. 256); *Peginis* v. *Atlanta*, 132 *Ga.* 302 (63 S. E. 857, 35 L. R. A. (N. S.) 716); *Cutsinger* v. *Atlanta*, 142 *Ga.* 555 (4) (83 S. E. 263, L. R. A. 1915B, 1097, Ann. Cas. 1916C, 280); *Carey* v. *Atlanta*, 143 *Ga.* 192 (84 S. E. 456, L. R. A. 1915D, 684, Ann. Cas. 1916E, 1151); *Baldwin* v. *Atlanta*, 147 *Ga.* 28 (92 S. E. 630); *Glover* v. *Atlanta*, 148 *Ga.* 285 (96 S. E. 562); *Brown* v. *Thomasville*, 156 *Ga.* 260 (118 S. E. 854); *Upchurch* v. *LaGrange*, 159 *Ga.* 113 (125 S. E. 47); *Smith* v. *Atlanta*, 161 *Ga.* 769 (132 S. E. 66, 54 A. L. R. 1001); *Morrow* v. *Atlanta*, 162 *Ga.* 228 (133 S. E. 345); *Town of Lilburn* v. *Alford*, 163 *Ga.* 282 (136 S. E. 95); *City Council of Augusta* v. *Sanders*, 164 *Ga.* 235 (138 S. E. 234); *Chaires* v. *Atlanta*, 164 *Ga.* 755 (139 S. E. 559, 55 A. L. R. 230). The ruling set forth in the first headnote does not conflict with the rulings in the foregoing cases. The motion for rehearing is denied.