## CITY OF DRUMRIGHT et al. v. STRAND AMUSEMENT CO.

No. 18193.   Opinion Filed Oct. 15, 1929.

S. A. Denyer, for plaintiffs in error.

Hughes & Ellinghausen, for defendant in error.

RILEY, J. This is an appeal from a judgment holding void section 12 of ordinance No. 201, city of Drumright, and enjoining the enforcement thereof. Said section of said ordinance is as follows:

"Any person, firm or corporation, either as principal or agent, who shall own or manage any opera house, or picture show within the limits of the city of Drumright, shall pay a license therefor, the sum of $100 per year, payable in advance quarterly."

The judgment in effect holds that the municipality may not enforce the provisions of the occupation tax ordinance for the sole purpose of revenue. That application is contrary to the provisions of section 4556, C. O. S. 1921, as construed by this court in Re Marler, 140 Okla. ___, 282 Pac. 353, and in Re Lon Dickson, 138 Okla. 266, 280 Pac. 797.

There is one other proposition presented. It is that, notwithstanding the validity of the ordinance, yet, by its terms, it imposes a license upon the person operating a moving picture show and not upon the business itself, and by the terms of the ordinance the defendant was not justified in demanding two license fees from the plaintiff, although the plaintiff was operating two moving picture shows.

No cases are cited to support this proposition.

The phrase contained in the ordinance, "Any opera house or picture show," indicates clearly intention to require a license for each such place of business.

25 Cyc. 626, reads:

"As a general rule one who is engaged in two separate and distinct occupations is subject to a license tax on both occupations. So, too, one who conducts the same business at different places, whether the business be wholesale or retail, is liable to a license tax on the business conducted in each place."

Such view is sustained in Walters v. Duke, 31 La. Ann. 668; Murrell v. Bokenfohr (La.), 32 So. 176.

37 C. J. 210, states the rule as follows:

"Where a person conducts the same business at several different places, as a general rule he must procure the required license or pay the required tax for each establishment, unless under particular statutes only one license or tax is required." State v. Holmes, 28 La. Ann. 765, 26 Am. R. 110;

Chevrolet Mtr. Co. v. City of Atlanta (Ga.) 116 S. E. 287.

From a review of the authorities, considered with the wording of the ordinance, we conclude the ordinance must be upheld.

The judgment of the trial court is reversed.

LESTER, V. C. J., and CLARK, HEFNER, SWINDALL, and ANDREWS, JJ., concur. MASON, C. J., and HUNT, J., dissent. CULLISON, J., absent.

Note.—See under (1) 17 R. C. L. p. 543; 3 R. C. L. Supp. p. 704; 4 R. C. L. Supp. p. 1139; 7 R. C. L. Supp. p. 572. (2) 17 R. C. L. p. 487. See "Licenses," 37 C. J. §17, p. 177, n. 34; §62, p. 210, n. 21.