BOWDEN *et al.* v. GEORGIA PUBLIC SERVICE COMMISSON *et al.*

No. 7621. APRIL 19, 1930.

*Chester A. Byars* and *T. B. Clarkson,* for plaintiffs.
*T. M. Cunningham* and *S. J. Smith Jr.,* for defendants.
*A. S. Bradley, Ira Harrelson,* and *Fred Morris,* for persons at interest, not parties of record.

GILBERT, J. 1. Where a suit is filed in a court of equity, seeking to enjoin the enforcement of a statute of the State on the ground that such statute is not applicable to the business of petitioners, because, first, petitioners do not fall within the provisions of the statute, and, second, because the statute is unconstitutional, and where it appears that there has been no interference with the person or property rights of the petitioners, injunction is properly denied. *Cathcart Van & Storage Co.* v. *Atlanta,* 169 *Ga.* 791 (151 S. E. 489). A declaratory action can not be maintained in this State. *So. Ry. Co.* v. *State,* 116 *Ga.* 276 (2) (42 S. E. 508).

2. The pleadings and the evidence demanded a finding that the Public Service Commission had not undertaken to require peti-

tioners to comply with any particular provision of the act. The notice sent by the Commission to petitioners was in the nature of a summons to a fact-finding proceeding, by means of which it was to be determined whether the act was applicable to petitioners. Only after a determination of the facts could the applicability of the act be determined. Where "motor carriers" transport persons or property for hire, and deny applicability of the act to them, and refuse to submit a showing before the Public Service Commission, equity will not intervene to prevent a criminal prosecution, unless there are circumstances showing an exception to the general rule, but such carriers have an adequate remedy at law by defending against such prosecution. "Equity will not take cognizance of a plain legal right, where an adequate and complete remedy is provided by law." Civil Code (1910), § 4538.

3. "A court of equity will take no part in the administration of the criminal law. It will neither aid criminal courts in the exercise of their jurisdiction, nor will it restrain nor obstruct them." Civil Code (1910), § 5491.

4. The petition alleges no facts sufficient to take the case out of the general rule. *Pope* v. *Savannah, 74 Ga.* 365; *Paulk* v. *Sycamore, 104 Ga.* 24 (30 S. E. 417, 41 L. R. A. 772, 69 Am. St. R. 128); *Mayor &c. of Moultrie* v. *Patterson, 109 Ga.* 370 (34 S. E. 600); *City of Bainbridge* v. *Reynolds, 111 Ga.* 758 (36 S. E. 935); *Salter* v. *Columbus, 125 Ga.* 96 (54 S. E. 74); *Georgia Ry. & El. Co.* v. *Oakland City, 129 Ga.* 576 (59 S. E. 296); *Jones* v. *Carlton, 146 Ga.* 1 (90 S. E. 278); *Mayor &c. of Shellman* v. *Saxon, 134 Ga.* 29 (67 S. E. 438, 27 L. R. A. (N. S.) 452); *Starnes* v. *Atlanta, 139 Ga.* 531 (77 S. E. 381); *Volunteers of America* v. *Atlanta, 152 Ga.* 461 (110 S. E. 282); *City of Marietta* v. *Brantley, 170 Ga.* 258 (152 S. E. 232). For these reasons the court properly refused to exercise equity jurisdiction.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Hines, J., who dissent.*

HINES, J. J. W. Bowden and others filed their petition against the Georgia Public Service Commission and the members thereof, to enjoin the enforcement against them of the Georgia motor carrier act of 1929 (Acts 1929, p. 293), upon the grounds that (a) the business which they are conducting does not bring them within the provisions of this act; and (b) if it did, the statute is unconsti-

tutional, for certain reasons assigned. In the first headnote of the opinion it is stated that it does not appear that there has been any interference with the personal or property rights of the petitioners, and that for this reason an injunction was properly refused. My first impression was that the commission had not gone far enough to interfere with the property rights of petitioners; and that for this reason petitioners were kicking before they were spurred. For this reason I had determined to concur in the result reached by the court in the majority opinion; but on further study of the record and the questions of law involved in this case, I can not agree to the position taken by the majority upon the facts as found by them. I can not agree with the statement in the first headnote that "it appears that there has been no interference with the person or property rights of the petitioners." Nor can I agree to the statement in the second headnote that "The pleadings and the evidence demanded a finding that the Public Service Commission had not undertaken to require petitioners to comply with any particular provision of the act." Nor can I agree with the statement in this headnote that "The notice sent by the commission to petitioners was in the nature of a summons to a fact-finding proceeding, by means of which it was to be determined whether the act was applicable to petitioners." It is true that in the 3d paragraph of their petition the petitioners allege that "the Georgia Public Service Commission has served notice upon them that they were under the 'Motor Carriers Act' passed by the legislature of 1929, and subject to their jurisdiction; having threatened these your plaintiffs with prosecution in the criminal courts in this State unless they comply with said law;" and that the defendants in their answer denied the allegations of this paragraph; but in the paragraph of the answer denying these allegations of the petition the defendants "allege that if any of the plaintiffs are engaged in operating motor-buses used in the business of transporting persons or property for hire over any of the public highways of this State, and not operated exclusively within the incorporated limits of any city or town, the defendant will apply the provisions of the 'Motor Carriers Act of 1929' to each of them, and, if necessary, will prosecute each of them, but before beginning any prosecution the defendants will fully inform themselves as to the precise nature of the business which is being conducted by such motor carrier." The

petition shows that the plaintiffs were doing the very things which the defendants state would make them move against them in this matter. The record discloses that the commission had mailed to each of the petitioners a notice that "the commission will give you six (6) days in which to file your application for a certificate of public convenience and necessity, together with a compliance with other requirements of this law." Here the commission distinctly informed the plaintiffs that they must file their application for the certificate referred to, and that they must comply with the other requirements of this law.

So it appears that the commission had determined to proceed against the petitioners, and would enforce against them the civil and criminal provisions of the motor-carrier act unless they complied with the terms thereof. For this reason I can not agree with the statements made in the first and second headnotes of the opinion upon this subject. I am of the opinion that this court should decide the main and controlling question involved in this litigation. We should not refuse to decide this question for the reasons assigned in the above two headnotes of the opinion.

The ruling in the 3d headnote of the opinion, while true law, is not applicable under the facts of this case. Injunction is the proper and orderly proceeding to enjoin a public-service commission from enforcing a law against persons who are not subject to their control, or where such law is unconstitutional and void. In my opinion the petition alleges facts sufficient to take the case out of the general principle that equity will not restrain nor obstruct criminal courts in the exercise of their jurisdiction. Nor can I agree with the position taken in the 4th headnote that there are no sufficient facts alleged to take the case out of the rule that courts will not interfere with the administration of the criminal law. So I am compelled to dissent from the conclusion reached by the majority.