SPARKS *v.* GEORGIA PUBLIC SERVICE COMMISSION
*et al.*

No. 9801. DECEMBER 13, 1933.

*Edith Campbell* and *John I. Kelley,* for plaintiff.

*E. Smythe Gambrell* and *J. J. E. Anderson, assistant attorney-general,* for defendants.

*Thrift, Hambrick & Collins,* for persons at interest.

BECK, P. J. (After stating the foregoing facts.) The court did not err in sustaining the general demurrer to the petition. The plaintiff has a remedy at law. A warrant has already been taken out against him; and the grounds for equitable interference urged, so far as they are valid and of force for the granting of injunction, may be urged as grounds of defense in the criminal case. In *City of Bainbridge* v. *Reynolds,* 111 *Ga.* 758 (36 S. E. 935), it was said: "A court of equity will not by injunction prevent the institution of a prosecution for the violation of a penal municipal ordinance; nor will it, upon petition for an injunction of this nature, inquire into the validity of such an ordinance, upon constitutional or other grounds." In *Jones* v. *Carlton,* 146 *Ga.* 1 (90 S. E. 278), this court considered a .case of parties who had been arrested for violation of a municipal ordinance and who were threatened with other arrests for doing business without obtaining a license, and said: "This case falls within the principle applied in *City of Bainbridge*

v. *Reynolds,* 111 *Ga.* 758. . . . We think this case falls within the general rule as above stated, rather than under the exception that in some cases, involving special facts, equity will enjoin the enforcement of a penal ordinance, where the prosecutions are solely for the purpose of unlawfully taking or destroying property, or preventing the exercise of a franchise granted by the State." See also *Mayor &c. of Jonesboro* v. *Central of Ga. Ry. Co.,* 134 *Ga.* 190 (67 S. E. 716) ; *Cathcart Van & Storage Co.* v. *Atlanta,* 169 *Ga.* 791 (151 S. E. 489) ; *Bowden* v. *Georgia Public Service Commission,* 170 *Ga.* 505 (153 S. E. 42) ; *Walden* v. *Sellers,* 174 *Ga.* 774 (163 S. E. 897). Besides this, it does not appear what property, if any, the plaintiff had. There is an allegation that substantial sums had been invested ; but what petitioner considers to be substantial sums is not known, nor does it appear what is the value of the property or business, or what damage to it would be done. As appears from the statement of facts, criminal proceedings have already been instituted, and defendant has adequate opportunity of making defense in those cases, and there to show that he is not conducting a business in violation of the terms of the act referred to. In the Civil Code, § 5491, it is provided that "A court of equity will take no part in the administration of the criminal law. It will neither aid criminal courts in the exercise of their jurisdiction, nor will it restrain nor obstruct them." And it is manifest that the injunction prayed against the municipal court or a judge thereof should not be granted. It follows that the court did not err in sustaining the general demurrer to the petition and refusing an injunction.

*Judgment affirmed. All the Justices concur, except Hill, J., absent because of illness, and Russell, C. J., and Atkinson, J., who dissent.*