MAYOR &C. OF JONESBORO *v.* CENTRAL OF GEORGIA RY. CO.

HOLDEN, J.   The Central of Georgia Railway Company, a common carrier, sought to enjoin the plaintiff in error from enforcing one of its municipal ordinances, and from trying the company and its employees for violations thereof, in its petition making substantially the following allegations:   It operated a suburban train between Jonesboro and Atlanta and stored it at night and on Sundays at Jonesboro on a side-track built for this purpose, north of the depot, about six years prior to the filing of the petition, which side-track was of no practical use to the company for any other purpose. Because of the illness of a lady residing near this track, beginning in June, 1908, the engine was stored at night and on Sundays for a short time on what is known as its "house track" south of the depot. When the side-track was being built the purpose of its construction was generally known to the public and the municipal authorities, and no objection to its construction was made. The municipal authorities passed an ordinance October 12, 1908, the

effect of which was to prohibit the company from storing its engine on this side-track. The ordinance made it a penal offense for any engine to be stored at night, or during Sundays, in the residence or business sections of the city, except at the depot and places 150 feet south or east thereof. Cases have been made against petitioner and its employees, charging them with a violation of the ordinance, and the municipal authorities threaten to make other cases. The only existing track of the company on which it is permitted to store its engine under the ordinance is one used for cars from which freight is loaded and unloaded to and from the depot and drays, and this track is frequently filled with cars, the removal of which would be necessary to store the engine on this track. The removal of such freight-cars is attended with wear and tear of machinery and expense to the company, and liability to incur damages by reason of injuries to persons and property. To store the engine at the depot, or south thereof, and leave cars on the side-track north of the depot, would prevent the company before beginning the morning trip from heating the cars with steam for the comfort of the passengers. There were other allegations in the petition, showing inconvenience and expense to the company if the ordinance is enforced. The suburban train is now and has been for some time run at a loss. *Held:*

1. The general rule is that a court of equity has no jurisdiction to enjoin the institution of prosecutions for criminal offenses; and this rule is applicable to prosecutions for violations of municipal ordinances, which are quasi-criminal proceedings. Nor will a court of equity, upon a petition for an injunction of such a nature, inquire into the validity or reasonableness of an ordinance making penal an act for the doing of which prosecutions are instituted and others threatened. *Ga. Ry. & El. Co.* v. *Oakland City,* 129 Ga. 576 (59 S. E. 296); *Mayor of Shellman* v. *Saxon,* ante, 29 (67 S. E. 438).

2. The present case, under the facts above set forth, falls within the general rule; it not appearing that it is necessary for a court of equity to intervene to prevent the taking or destruction of any property of the railroad company, or to prevent the exercise of any franchise granted it by the State, or that the defendant will suffer any irreparable damages from the enforcement of such ordinance. Cases cited supra.

3. In the certiorari proceedings, appearing from the record to be now pending before a court of law, the complainant can attack the validity of the ordinance sought to be enjoined.

> *Judgment reversed. All the Justices concur.*

FEBRUARY 25, 1910. REHEARING DENIED MARCH 3, 1910.

Injunction.   Before Judge Ellis.   Clayton superior court. June 19, 1909.

*R. R. Arnold, V. A. Batchelor,* and *T. B. Higdon,* for plaintiff in error. *Hall & Cleveland,* contra.