STEINBERG *et al.* v. MAYOR & ALDERMEN OF SAVANNAH.

HILL, J. As a general rule, a court of equity has no jurisdiction to enjoin a threatened criminal prosecution. Prosecutions for violations of municipal ordinances which are punishable by fine or imprisonment are quasi criminal in their nature, and come within the general rule. Cases in which equity will enjoin the enforcement of such ordinances come within the exception to the general rule. The present case arose upon a petition to enjoin the enforcement of a penal municipal ordinance, and falls within the general rule. *Georgia Ry. &c. Co.* v. *Oakland City,* 129 *Ga.* 576 (59 S. E. 296) ; *White* v. *Tifton,* 129 *Ga.* 582 (59 S. E. 299) ; *Rowland* v. *Commissioners,* 133 *Ga.* 190 (65 S. E. 404) ; *Mayor &c. of Shellman* v. *Saxon,* 134 *Ga.* 29 (67 S. E. 438, 27 L. R. A. (N. S.) 452) ; *Starnes* v. *Atlanta,* 139 *Ga.* 531 (77 S. E. 381). The court did not err in refusing the injunction.

*Judgment affirmed. All the Justices concur, except*

ATKINSON, J., dissenting. The suit was not merely to enjoin a criminal

prosecution under the ordinance, but was to enjoin present and future prosecutions conducted to such an extent as to seriously injure the business of the plaintiffs. The basis of the equitable relief sought was the alleged invalidity of the ordinance as violative of the due-process and equal-protection clauses of the State and Federal constitutions. Under the circumstances a court of equity should not deny its jurisdiction. See *Carey* v. *Atlanta*, 143 *Ga.* 192 (84 S. E. 456, L. R. A. 1915D, 684, Ann. Cas. 1916E, 1151); *Baldwin* v. *Atlanta*, 147 *Ga.* 28 (92 S. E. 630); and citations in each case.

No. 1103. APRIL 18, 1919.

Petition for injunction. Before Judge Meldrim. Chatham superior court. July 16, 1918.

The ordinance referred to in the headnotes required that all pool-rooms and billiard-parlors located within a specified and restricted area of the business district of the City of Savannah remain closed from one o'clock a. m. until broad daylight; and that all such rooms in other parts of the corporate limits of the city be open and operated only between five o'clock p. m. and midnight, and remain closed from midnight until five o'clock p. m. The pool-rooms operated by the plaintiffs fell within the latter class.

*Oliver & Oliver* and *Aaron Kravitch,* for plaintiffs.

*Robert J. Travis* and *David S. Atkinson,* for defendants.