VOLUNTEERS OF AMERICA *et al. v.* CITY OF ATLANTA *et al.*

PER CURIAM. The general rule is that a court having equitable jurisdiction will not restrain by injunction a threatened prosecution for the violation of a municipal penal ordinance; nor will it, on a petition for such injunction, enquire into the validity of the ordinance upon constitutional or other grounds. *Jones* v. *Carlton*, 146 *Ga.* 1 (90 S. E. 278); *Steinberg* v. *Mayor & Aldermen of Savannah*, 149 *Ga.* 69 (99 S. E. 36).

This case, in view of the allegations of the petition, falls within such general rule, rather than under the exception thereto that in some cases involving special facts equity will enjoin a prosecution or threatened prosecution for the violation of a penal ordinance, where the prosecution is solely for the purpose of unlawfully taking or destroying property, or preventing the exercise of a franchise granted by the State.  *Judgment affirmed. All the Justices concur.*

No. 2370. JANUARY 10, 1922.

Equitable petition.   Before Judge Bell.   Fulton superior court. November 8, 1920.

In August, 1919, an ordinance was passed by the Mayor and City Council of Atlanta, declaring: "It shall be unlawful for any individual, person or persons, firms or corporations, benevolent society or charitable mission or institution, who derive their sub-stance by solicitation of public collections and from the general public of the City of Atlanta, to operate in the City of Atlanta without first obtaining a permit or certificate of approval from the Mayor and General Council of the City of Atlanta." A punishment by fine or imprisonment was provided for its violation. The Volunteers of America, an association for the preaching and teaching of the Christian religion, applied to the mayor and council of the city for a permit or certificate for carrying on its work in the city. A permit was refused by the general council of the city. The applicant for the permit and three of its officers then brought an equitable petition against the City of Atlanta and officers, to enjoin them from prosecuting the petitioners for a violation of the or-dinance. Upon a hearing the court sustained a general demurrer to the petition and dismissed it. Petitioners excepted.

The petition set forth in detail the religious and Christian purposes of the petitioners' organization and its constitution, and alleged: "For the purpose of better carrying on its religious and charitable work, petitioner has founded a home on Hayden street in the City of Atlanta, for the purpose of there ministering unto such needy and distressed persons as may come to petitioner for such help. Petitioner has acquired a lease of said property and equipped the same with furnishings and fittings necessary in such a home, and has in charge of same a competent and consecrated officer, to wit, Adjutant Teed." It is further alleged: "Petitioner's work must depend for its support largely upon the offerings and contributions of charitably disposed persons; and these, wherever solicited, have gladly and freely given of their means to the support and main-tenance of petitioner's work. Petitioner has no capital stock, no gainful trade, and no means of income other than as above shown." "Petitioner shows that its workers are being interfered with and hindered and terrorized in their work and deterred therefrom by the authorities of said city, acting under cover of said ordinance, by threat of arrest and prosecution of petitioner's workers carrying

on their said work without the permit or certificate of approval required by said ordinance." "Under the terms of said ordinance, as construed by the city authorities, each act of solicitation and each receipt of an offering of any kind will be held to be a separate offense; a multiplicity of suits will follow; after one arrest, if a worker begins his or her work again, another arrest and prosecution will follow, and so ad infinitum, until petitioner's workers are terrorized and prevented from doing the work altogether." "Your petitioner shows that because of these threatened continual arrests and prosecutions and renewed arrests and prosecutions, and the consequent interference with and hindering of petitioner's work, petitioner has no adequate remedy at law." "Your petitioner shows that their property rights in the lawful use and enjoyment of said property on Hayden street and all other property devoted to and used in and about the said religious and charitable work, are restricted and practically destroyed by the action of said defendant in its attempt, under color of said ordinance, to prevent your petitioners from doing and carrying on the work to which they have devoted themselves in said City of Atlanta."

*Earl M. Carmain* and *Johnson & Scott,* for plaintiffs.
*James L. Mayson* and *Jesse M. Wood,* for defendants.