*Dorough, Hope & Fox,* for plaintiff.
*R. W. Smith Jr.,* for defendant.

## ASA G. CANDLER INC. *v.* CITY OF ATLANTA *et al.*

No. 9922.   MARCH 13, 1934.

*Tye, Thomson & Tye,* for plaintiff.
*J. L. Mayson, C. S. Winn,* and *J. C. Savage,* for defendants.

ATKINSON, J.   On June 30, 1933, an action was instituted against the City of Atlanta and the chief of police, attacking the validity of an ordinance on the ground that it was not authorized by the charter of the city, that it was unreasonable, and that it was violative of the equal-protection and due-process clauses of the State and Federal constitutions; and seeking to enjoin enforcement thereof as against the plaintiff and his tenants conducting business on described land, property of the plaintiff, in the City of Atlanta.   On July 19, 1933, an amendment to the petition was allowed, in which it was alleged that the chief of police "has threatened and is now

threatening to arrest and prosecute petitioner's tenant for each and every day that such tenant conducts an open-air market on such premises, claiming such operation to be in violation of the ordinance herein set out. Petitioner avers that, unless enjoined, such defendant will carry out such threats; . . that it is the intention and purpose of such defendants to arrest, or have arrested, and to prosecute, or have prosecuted, any tenant of petitioner who may conduct or attempt to conduct an open-air market on such premises without the approval of council, as is provided by such ordinance; . . that such arrests and prosecutions and continued prosecutions of the tenants of petitioner conducting or attempting to conduct an open-air market on such premises would prevent petitioner from renting, leasing, or using such premises for such purpose, and would destroy the valuable property right of petitioner to use or lease such premises . . for such purpose by reducing the income derived as rent from such premises from $500 per month to $65 per month, or a net loss to petitioner of $435 per month; . . that such criminal prosecutions are threatened for the purpose of preventing petitioner from exercising its civil right to conduct a lawful business on such premises, or to lease such premises for such purpose; . . that such ordinance is being used by defendants to evade and destroy a valuable property right of petitioner, i. e., the right to rent or lease such property for the use hereinabove set out."

The petition does not show interference with the person or property rights of the plaintiff, but is based on mere apprehension that such interference may be done. On application of the principle ruled in *Howard* v. *Briarcliff Zoological Corporation,* 178 *Ga.* 595, and cit., the judge did not err in refusing an injunction. See also *City of Douglas* v. *South Georgia Grocery Co.,* ante, 657. The case differs from *Carey* v. *Atlanta,* 143 *Ga.* 192 (84 S. E. 456, L. R. A. 1915D, 684, Ann. Cas. 1916E, 1151), wherein there had been interference by the police in virtue of the ordinance with the property rights of the plaintiff, to the extent of causing one tenant to remove from the premises, and the plaintiff to refund rent which had been paid in advance.

*Judgment affirmed. All the Justices concur.*