## BOWMAN *v.* CHAPMAN.

BELL, J. 1. "It is an elementary rule of construction, as applied to a pleading, that it is to be construed most strongly against the pleader; and that if an inference unfavorable to the right of a party claiming a right under such a pleading may be fairly drawn from the facts stated therein, such inference will prevail in determining the rights of the parties." *Krueger* v. *MacDougald,* 148 *Ga.* 429 (96 S. E. 867).

2. "In a proceeding to obtain an accounting, the complainant is not obliged to show how much is due. But the law will not do a vain thing and order an accounting, when the petitioner does not aver facts sufficient to indicate that something will be found to be due him by the defendant." *Gould* v. *Barrow,* 117 *Ga.* 458 (43 S. E. 702).

3. In a suit for an accounting for annual crops produced by the defendant as manager of the farming operations of the plaintiff for several years, where it is alleged that the crops were of the value of $1000 to $2000 per annum during such period, and that the farm "yielded annually more than enough to pay all [of the plaintiff's] living expenses and taxes," but it is not alleged that the remainder was more than sufficient to pay operating expenses, and the petition is wholly silent as to expenditures for that purpose, the allegations, construed most strongly against the plaintiff, fail to indicate that an accounting would disclose any indebtedness to the plaintiff by the defendant. Accordingly, the petition does not show any cause for an accounting. *Smith* v. *Hancock,* 163 *Ga.* 222 (5) (136 S. E. 52); *Durden-Powers Co.* v. *O'Brien,* 165 *Ga.* 728, 741 (142 S. E. 90).

4. By an amendment the plaintiff showed that before the filing of the suit she had conveyed to another person all right and interest in the physical properties as to which any relief was sought, the prayers with reference thereto being for injunction and for a decree of cancellation relating to a note, security deed, and mortgage. In these circumstances the plaintiff could not maintain the suit so far as it applied to the land and personalty, she having parted with all right and title to the subject-matter before the suit was filed. Civil Code (1910), §§ 5516, 5517; *Norwich Union Fire Ins. Soc.* v. *Wellhouse,* 113 *Ga.* 970 (2) (39 S. E. 397); *Hall*

v. *Simmons*, 125 *Ga*. 801 (54 S. E. 751) ; *Gate City Cotton Mills* v. *Cherokee Mills*, 128 *Ga*. 170 (57 S. E. 320) ; 1 C. J. 982, § 85. Since, as indicated above, the petition failed to show any sufficient ground for an accounting, which was the only additional relief prayed for, the court should have sustained the general demurrer and dismissed the petition as amended. *Judgment reversed. All the Justices concur.*

No. 10005. JUNE 14, 1934.

*H. A. Wilkinson, Henry Wilkinson,* and *W. L. Ferguson,* for plaintiff in error.

*E. L. Forrester* and *R. R. Jones,* contra.