JEWEL TEA COMPANY INCORPORATED *v.*
CITY COUNCIL OF AUGUSTA *et al.*

No. 11644. FEBRUARY 11, 1937.

*Bussey & Fulcher,* for plaintiff.

*William T. Gary* and *C. Wesley Killebrew,* for defendants.

JENKINS, Justice. The plaintiff company filed its petition for injunction against the City Council of Augusta, the city recorder, chief of police, and license inspector. It attacked the legality of part of a city ordinance, requiring "every person or firm using automobiles, for transportation of freight or delivery of goods," upon the streets of the city in connection with their principal business, "to give bond, approved by the collector and paymaster, in the sum of $2,000, or file liability policy." The case as further presented by the amended petition is: that upon petitioner's refusal to comply with this provision its agent and operator of one of its trucks was arrested by the chief of police at the instance of the license inspector, and was fined $5 by the recorder; that the city officers again arrested petitioner's agent, the case is pending before the recorder, and the license inspector has stated to this agent that, unless the bond or liability policy required by the ordinance is filed, petitioner and its agents will be fined $5 in the pending case, and immediately another case will be made, and they will be rearrested and fined $10, and then rearrested each day thereafter, and that the fine will double for each subsequent day that the company or its agents fail to post bond or a liability insurance policy in conformity with the ordinance; that to enforce the illegal ordinance would cause petitioner irreparable damage, in that its business would be destroyed, as its only agents and only business in the City of Augusta are the two trucks operated by said arrested persons, and if both men are continually arrested they can not transact any business, and if they and petitioner are continually fined in increasing amounts, as threatened by the license inspector, petitioner's business will be destroyed and its property confiscated; that to obtain a bond as provided in said ordinance would cost $20 a year for each vehicle, and to obtain a

policy of liability insurance would cost $40 a year for each vehicle; that the ordinance thus in effect requires an additional license fee, in violation of the motor-vehicle act of 1927 (Ga. L. 1927, p. 126), providing that "no additional license fee shall be charged by any municipality; that petitioner is entitled to operate its trucks, without additional charge or limitation by the city, under the franchise and license by the State to petitioner; that the action of the city and municipal officers, if carried out, would take petitioner's property without due process of law, contrary to article 1, section 3, paragraph 1, of the constitution of Georgia (Code, § 2-301), and contrary to article 1, section 1, paragraph 3 (§ 2-103), and contrary to the fourteenth amendment of the constitution of the United States (§ 1-815); and that such action by the city would be a discrimination against petitioner, contrary to article 1, section 1, paragraph 2, of the constitution of the State (§ 2-102). The court sustained a general demurrer on the grounds that the petition showed no cause of action, and no matter or thing of equity jurisdiction or for the equitable relief prayed; that the petition showed on its face that the petitioner and its agents had a remedy at law by going into the recorder's court of the city and there defending against the prosecution alleged; and that the petition was an attempt to restrain a criminal prosecution, and could not be entertained by a court of equity.

"Equity will take no part in the administration of the criminal law. It will neither aid criminal courts in the exercise of their jurisdiction, nor will it restrain or obstruct them." Code, § 55-102. This provision, embodying a fundamental equitable principle, is so clear and unequivocal as to permit no exception, as such, to the rule. It is true, however, that a given state of facts may involve other and different controlling equitable principles; and it is the application of such other principles to such facts that has given rise to the rulings of this court which are sometimes referred to as exceptions, but which are only apparent exceptions, and do not in fact run counter to the fundamental rule stated. Thus, while it is true that equity will not take jurisdiction for the purpose of administering criminal law, it is just as well settled that equity will not fail to exercise its peculiar function, where it is manifest that substantial property rights are primarily and directly involved, merely because the protection of such property rights may

incidentally require the control of criminal or quasi-criminal prosecutions. In none of the cases adjudicated by this court has the distinction above set forth been disregarded. But, as was said by Justice McCay, in *Boynton* v. *Twitty*, 53 *Ga.* 214, 218, in dealing with another subject, "The line of distinction is often so dim that one mind sees the case on one side of it, and another mind sees it on the other." With reference to the case sub judice, the ruling sustaining the demurrer to the petition is in complete accord with the recent full-bench decision of this court in *Smith* v. *Carlton*, 182 *Ga.* 494 (185 S. E. 777), where the facts and contentions were substantially the same as here. See also *Gault* v. *Wallis*, 53 *Ga.* 675 (4), 677; *Phillips* v. *Stone Mountain*, 61 *Ga.* 386, 388; *City of Atlanta* v. *Gate City Gas-Light Co.*, 71 *Ga.* 106 (5), 126; *Pope* v. *Savannah*, 74 *Ga.* 365; *Paulk* v. *Sycamore*, 104 *Ga.* 24 (30 S. E. 417, 41 L. R. A. 772, 69 Am. St. R. 128); *Salter* v. *Columbus*, 125 *Ga.* 96 (54 S. E. 74); *Carey* v. *Atlanta*, 143 *Ga.* 192 (84 S. E. 456, L. R. A. 1915D, 684, Ann. Cas. 1916E, 1151); *Brown* v. *Thomasville*, 156 *Ga.* 260, 267 (118 S. E. 854); *City of Douglas* v. *South Georgia Grocery Co.*, 178 *Ga.* 657 (174 S. E. 127); *Asa G. Candler Inc.* v. *Atlanta*, 178 *Ga.* 661 (174 S. E. 129); *Corley* v. *Atlanta*, 181 *Ga.* 381 (182 S. E. 177). In the decision last cited all of the previous authorities were collated and segregated. The court did not err in dismissing the petition on general demurrer.

*Judgment affirmed. All the Justices concur.*