## WHIDDON *v.* STATE REVENUE COMMISSION.

No. 11841. MAY 18, 1937.

*W. F. Moore, C. E. Moore,* and *A. L. Henson,* for plaintiff.

*M. J. Yeomans, attorney-general, M. L. Allison,* and *W. H. Duckworth, assistant attorneys-general,* for defendant.

HUTCHESON, Justice. The case is here on exception to a judgment sustaining demurrers to a petition seeking to restrain enforcement of an execution issued for the collection of an occupation tax on the practice of law (sec. 2, par. 3, of the general tax act, Ga. L. 1935, p. 13); the petitioner claiming to be exempt from such tax by reason of his compliance with the provisions of section 22 of said act and the veterans-license law (Ga. L. 1935, pp. 163 et seq.) *Held:*

1. While the rule enunciated in the Code, § 92-7901, that "No replevin shall lie, nor any judicial interference be had, in

any levy or distress for taxes under the provisions of this Code, but the party injured shall be left to his proper remedy in any court of law having jurisdiction," is subject to a number of exceptions in equity (see enumerations in *Harris Orchard Co.* v. *Tharpe,* 177 *Ga.* 547 (2), 170 S. E. 811, 88 A. L. R. 1212; also 1 High on Injunctions, § 530, in regard to exception in case of exemptions), these exceptions are exceptions only to the rule stated, and are not exceptions to the general equitable principles and maxims.

2. Under section 80 of the reorganization act (Ga. L. 1931, pp. 33, 34; Code, § 92-7301) the petitioner has an adequate remedy at law by affidavit of illegality; and therefore equity will not entertain jurisdiction to grant him the extraordinary relief prayed for. *Hicks* v. *Stewart Oil Co.,* 182 *Ga.* 654 (4) (186 S. E. 802).

3. Under the above rulings the court did not err in dismissing the petition upon the ground that petitioner had an adequate remedy at law. *Judgment affirmed. All the Justices concur.*