WALNUT TRANSFER AND STORAGE COMPANY *et al. v.* HARRISON, revenue commissioner, *et al.*

No. 12027. MARCH 8, 1938.

*Lindley W. Camp* and *Hewlett & Dennis,* for plaintiffs.

*M. J. Yeomans, attorney-general, O. H. Dukes, D. M. Parker,* and *M. L. Allison,* for defendants.

HUTCHESON, Justice. Walnut Transfer and Storage Company and others, engaged in the business of hauling goods for hire within the incorporated limits of the City of Atlanta and its environs, brought a petition against the State Revenue Commission of Georgia, and Marcus P. McWhorter as Director of the Motor-Vehicle Division thereof. The petition, so far as here material, set forth substantially the following allegations and contentions: Petitioners are the owners and operators of numerous trucks. Before becoming engaged in business petitioners applied to the City of Atlanta for licenses to operate said trucks, and upon obtaining a license paid certain sums to the city as a franchise or occupational tax, and began to operate their trucks in accordance with said permit or license. Thereafter, during the 1937 session of the General Assembly, an act providing for the levy of a maintenance tax "to be paid by owners of motor-buses, trucks, and/or trailers operating over the public roads of this State," was passed and duly approved by the Governor. Owners of vehicles therein defined are required to register such vehicles with the Director of the Motor-Vehicle Division of the State Revenue Commission, setting forth the correct factory weight of such vehicles. The tax is measured according to the weight of the vehicles, and is in addition "to any and all other taxes, license, or registration fees now required under existing laws." Section 13 of the act makes a violation of the terms of the act a misdemeanor. Section 15 declares "that the State agency having the duty to collect the taxes herein provided for is authorized and empowered to furnish to its employees collecting or enforcing said taxes such weighing devices as necessary to enforce this act, and all persons employed to enforce this act are hereby authorized to stop and/or weigh any truck and/or trailer and/or bus, using any public road of this State." Petitioners contend that under the provisions of section 1 of the act they are exempt from the operation thereof. They attack the constitutionality of the act on various grounds, and allege, "that, despite the exception applying to petitioners in said act, the State Revenue Commission, its officers, agents, and employees have appeared at the places of business of these petitioners and have insisted that petitioners come within the provisions of the said act, and have threatened petitioners and all of their agents and employees with arrest and imprisonment, and have threatened

petitioners with the penalty of twenty per cent. (section 7 of the act provides for payment of such penalty upon failure to pay the tax within thirty days after it is due and payable), and have insisted upon the weighing of said trucks, all of which has disrupted and disturbed the business of petitioners and has caused them irreparable loss and damage, and has disrupted their organizations; and unless such persons are deterred and restrained from such conduct by this court, their businesses will be destroyed and they will be forced to close them and suffer great loss and damage which can not be measured in dollars and cents;" and "that notwithstanding the fact that said act is void in all of these particulars as applied to petitioners, it is the express purpose and intent of the members of the State Revenue Commission . . and the Motor-Vehicle Division Director . . to attempt to enforce said act against these petitioners and to deprive them of the use of the streets of the City of Atlanta, regardless of the permits and licenses which they have already purchased, as hereinbefore set forth, and the moneys paid for such permits and licenses, by inflicting on them the penalties hereinbefore mentioned in said act, and the seizure of property and the arrest of petitioners unless these petitioners pay said illegal and unconstitutional tax from which they are exempt." They pray that the defendants, their agents, and employees be restrained from attempting to enforce the act against petitioners; and from interfering or threatening to interfere in any manner with the operation of their trucks and vehicles upon the streets of Atlanta, and from any arrests of petitioners or any of their officers, agents, or employees, and from enforcing or attempting to enforce any penalty against petitioners or their property; that petitioners be declared to be exempt from the operation of the act, and that the act, in so far as it relates to petitioners, be declared unconstitutional on the grounds upon which attack is made.

The defendants interposed a demurrer on the grounds that the petition sets forth no cause of action; that its allegations are insufficient to authorize or justify the relief prayed for or any part thereof; that there is no equity in it; and that the petitioners have an adequate remedy at law. The court sustained the general demurrer, holding that the petitioners are not exempt from the operation of the act, and that the act is not unconstitutional for any reason assigned. To this judgment the petitioners excepted.

The general rule is that courts exercising equity jurisdiction will not enjoin criminal prosecutions. Code, § 55-102. In some cases involving special facts, injunction will be granted against unlawful enforcement of an ordinance or statute, although it be penal in character, for the protection of property or property rights or franchises against irreparable injury; as for instance where under the guise of enforcing a penal ordinance or statute it is manifest that the prosecutions and arrests are threatened for the sole purpose of unlawfully taking or destroying property, or preventing the exercise of a franchise granted by the State. *City of Atlanta* v. *Gate City Gas-Light Co.,* 71 *Ga.* 106 (5); *Peginis* v. *Atlanta,* 132 *Ga.* 302 (63 S. E. 857, 35 L. R. A. (N. S.) 716); *Baldwin* v. *Atlanta,* 147 *Ga.* 28 (92 S. E. 630); *Carey* v. *Atlanta,* 143 *Ga.* 192 (2) (84 S. E. 456, L. R. A. 1915D, 684, Ann. Cas. 1916E, 1151); *Brown* v. *Thomasville,* 156 *Ga.* 260 (118 S. E. 854); *Mayor &c. of Shellman* v. *Saxon,* 134 *Ga.* 29 (67 S. E. 438, 27 L. R. A. (N. S.) 452). The enjoining of the criminal prosecutions in such cases becomes incidental to the protection of the property rights involved. *Jewel Tea Co.* v. *Augusta,* 183 *Ga.* 817 (190 S. E. 1). In *Georgia Railway & Electric Co.* v. *Oakland City,* 129 *Ga.* 576 (59 S. E. 296), in which this court discussed fully the principles above stated, it was said: "The principle on which such cases usually rest is that the action sought to be enjoined is in the nature of a fraudulent use or abuse of legal proceedings, where the rights of the applicant for injunction are clear, and the proceedings are obviously nothing but a circuitous method of depriving him of his property or property rights, or where municipal authorities, under the pretense of seeking the good of the portion of society entrusted to their supervision, are in fact attacking the vested property rights of individuals or corporations." In that case a number of earlier cases involving the so-called exception to the general rule were distinguished on the difference between the mere enforcement of the criminal feature of an ordinance or law, and the enforcement of such criminal feature for the purpose of preventing the exercise of property rights. Mere inconvenience and expense and apprehension of injury to property rights will not give equity jurisdiction. *Mayor &c. of Jonesboro* v. *Central of Georgia Ry. Co.,* 134 *Ga.* 190 (67 S. E. 716). Neither will mere general allegations of irreparable injury and deprivation of property rights.

*Volunteers of America* v. *Atlanta,* 152 *Ga.* 461 (110 S. E. 282) ; *Candler* v. *Atlanta,* 178 *Ga.* 661 (174 S. E. 129).

It may be said, however, that the petitioners seek to enjoin acts other than those relating to the criminal feature of the enforcement of the statute. It is alleged that the defendants "have insisted upon the weighing of said trucks." Construed most strongly against the pleader, as must be done on general demurrer, and upon application of the rule that the writ of injunction should not issue except in clear cases (*Cathcart Van & Storage Co.* v. *Atlanta,* 169 *Ga.* 791, 793, 151 S. E. 489), this allegation is insufficient to show that the defendants are actually stopping and weighing the trucks of the plaintiffs; and even so, in this particular the case would fall within the ruling in *Georgia Railway and Electric Co.* v. *Oakland City,* supra, where it was sought to enjoin enforcement of an alleged illegal ordinance requiring the plaintiff, a street-railway company, to stop its cars at certain designated places in the city. It was said: "There was no effort to take away property or property rights, or to destroy or substantially impair a franchise. . . It was not shown that any irreparable injury would result; but at most a small interference with the schedules which the company desired to maintain." Reference is also made in the petition to a seizure of the plaintiffs' property. In the absence of a contrary allegation it will not be assumed by this court that the defendants will make a seizure of the plaintiffs' property otherwise than through a levy pursuant to the issuance of an execution for the collection of the tax and the penalty. In this event the plaintiffs would have an adequate remedy at law by affidavit of illegality, under section 80 of the reorganization act (Ga. L. 1931, pp. 33, 34; Code, § 92-7301). *Whiddon* v. *State Revenue Commission,* 184 *Ga.* 453 (2) (191 S. E. 438) ; *Hicks* v. *Stewart Oil Co.,* 182 *Ga.* 654 (4) (186 S. E. 802). It is apparent from what has been said that the allegations of the petition in the instant case are insufficient to bring the case within the so-called exception to the general rule that injunction will not issue to restrain a criminal prosecution. In this view of the case it is not necessary to pass upon whether or not the petition failed to state a cause of action for the reasons given by the trial court, and the plaintiff will not be concluded on such questions.

*Judgment affirmed. All the Justices concur, except Jenkins, J., disqualified.*