## COKER *v.* CITY OF ATLANTA *et al.*

474

No. 12256.  June 18, 1938.  Rehearing denied July 11, 1938.

*Jones, Fuller & Clapp,* for plaintiff.

*J. C. Savage, C. S. Winn, Bond Almand,* and *J. C. Murphy,* for defendants.

JENKINS, Justice.  The sworn petition and evidence of the petitioner showed, that, while he was a competent and experienced electrical contractor, "he could not stand a written examination, due to his lack of education;" that he had been able to engage in the electrical business and work in the city because of his partnership with a licensed person; that upon the death of this partner he went to see the city superintendent of electrical affairs, and asked him "what steps should be taken to conform to the rules and regulations and ordinances of the city," and was informed that he would have to form a connection with a proper licensee, or employ such a licensee to work under his direction, or pass the examination and obtain a license himself; and that if such an arrangement was not made, the license already issued would be forfeited, and it would be necessary for petitioner "to wind up his business, and that he would be given ten days in which to do so." The petition prayed that the defendants be enjoined "from interfering with petitioner in carrying on his work as an electrical contractor under the license issued" to the partnership (which expired before the hearing), and from enforcing against the petitioner the provisions of the ordinance requiring the standing of examinations by applicants for licenses,· and from interfering with his work in any way, and from refusing to inspect and approve his work where satisfactory; that the ordinance be "declared by the court to be unreasonable, unconstitutional, and void" on the grounds set forth; and that the court decree that he "is entitled to continue his work as an electrical contractor under the licenses granted" to the firm, until the same expires; and that "thereafter, upon payment of the license fee required in such cases, he is entitled to have a license issued to him without standing any examination as provided in said void ordinance;" the existing license, under the averments, having expired before the hearing. The defendants offered testi-

mony, which was not disputed except as might be so taken from the above-stated averments of the sworn petition, that "no charge of any kind has ever been preferred against the plaintiff for carrying on the business of an electrical contractor; nor has any threat been made to prosecute" the plaintiff. The judge denied an injunction, on the ground that the ordinance was constitutional as against all grounds of the attack.

■ "It is a principle . . ancient and well settled that a correct decision of a trial court will not be reversed," regardless of the correctness or incorrectness of the reasons given therefor. *Hill* v. *Smith,* 157 *Ga.* 210, 212 (121 S. E. 214) ; *Hendricks* v. *Jackson,* 139 *Ga.* 604 (2) (77 S. E. 816) ; *Barksdale* v. *Security Investment Co.,* 120 *Ga.* 388 (4) (47 S. E. 943).

■ "Where suit is filed in a court of equity, seeking to enjoin the enforcement of a provision of a municipal charter on the ground that such provision is unconstitutional, and where it appears that no arrest has been made, no property levied upon, and no other interference with the person or the property rights of the petitioner, but that the petition is based upon a mere apprehension that such may be done by the municipality, it is proper to refuse an interlocutory injunction." *Cathcart Van & Storage Co.* v. *Atlanta,* 169 *Ga.* 791 (151 S. E. 489). The case as made by the petition falls within the general rule that injunctions will not issue to restrain criminal prosecutions. *Corley* v. *Atlanta,* 181 *Ga.* 381 (182 S. E. 177). See also *Phillips* v. *Stone Mountain,* 61 *Ga.* 386; *Smith* v. *Town of Carlton,* 182 *Ga.* 494 (185 S. E. 777) ; *Jewel Tea Co.* v. *Augusta,* 183 *Ga.* 817 (190 S. E. 1) ; *Walnut Transfer & Storage Co.* v. *Harrison,* 185 *Ga.* 720 (196 S. E. 432). The ruling thus announced is controlled by the decision in *Phillips* v. *Stone Mountain,* supra, and other unanimous decisions cited in connection therewith in *Corley* v. *Atlanta,* supra, notwithstanding some later decisions which might be taken as holding to the contrary.

■ Accordingly, the court did not err in denying an interlocutory injunction upon the petition of an electrical contractor, attacking, as unconstitutional under the due-process and equal-protection provisions of the Federal and State constitutions, a city ordinance requiring electrical contractors to take an examination as a condition of obtaining a license and engaging in electrical

work in the city, since the sworn petition showed the existence of adequate remedies at law by mandamus or other procedure to protect any rights which he might have, and failed to show the existence of facts sufficient to authorize the interference of equity by rendering a decree in the nature of a declaratory judgment as to the constitutionality of the ordinance. See *Southern Ry. Co.* v. *State,* 116 *Ga.* 276 (2), 278 (42 S. E. 508); *Corley* v. *Atlanta,* supra. While the trial court based its denial of the injunction upon a holding that the ordinance was constitutional, it is unnecessary, under the rulings here made, to pass upon that question. In *Southeastern Electric Co.* v. *Atlanta,* 179 *Ga.* 514 (176 S. E. 400), the reported decision and the record do not show that the question on which this case is decided was raised or determined.

*Judgment affirmed. All the Justices concur, except* Russell, C. J., and Atkinson, P. J., who dissent from the rulings in the second and third divisions of the opinion.