## SPUR DISTRIBUTING COMPANY *et al. v.* MAYOR AND COUNCIL OF AMERICUS *et al.*

No. 13427.   SEPTEMBER 25, 1940.   REHEARING DENIED OCTOBER 15, 1940.

*R. L. LeSueur,* for plaintiffs.   *H. O. Jones,* for defendants.

REID, Chief Justice.   Four gasoline filling-station operators of Americus, Georgia, filed their joint petition in equity against the City of Americus and its officers, asking the protection of the court from the effect of a certain city ordinance which undertook to require the payment for a business license of $100 per year by every operator of a gasoline filling-station within the city "who obtained their requirements from wholesalers not regularly licensed to do business within said city." This requirement by way of business license was in addition to the regular business license required of *all* gasoline filling-stations.   Various attacks were made on the validity of the ordinance, charging that it was discriminatory and violated stated provisions of the State and Federal constitutions, and that it was contrary to the provisions of the general law on the subject of taxes on gasoline and petroleum products.   The judge dismissed the petition on general demurrer, on the theory that the case came within the general rule "that courts of equity will take no jurisdiction to restrain criminal or quasi-criminal prosecutions." In so far as the petition sought to make a case in equity (considering for the present only those phases of it), it was alleged, that the city marshal had made cases against the plaintiffs for violation of the ordinance, which had not been heard at the time of the filing of the petition, and that he threatened to make cases from day to day as the plaintiffs operated in violation of the ordinance; that in addition to the prosecutions the city threatened to issue and have levied executions against the property of the

plaintiffs for the penalties provided in the ordinance; that there was no charter provision for the filing of affidavits of illegality; "that these continuous illegal prosecutions will cause petitioners irreparable injury and damage and will ruin their business." It was also suggested that by entertaining the petition a multiplicity of suits would be avoided. These allegations from the petition are set forth because they represent all that would tend to invoke jurisdiction in equity.

1. It is seen from the foregoing statements from plaintiffs' petition that we have presented again one of the vexing problems arising from the frequency with which courts of equity are asked to restrain criminal prosecutions, and determine thereby the validity of municipal ordinances. It may as well be stated at the outset, as was done by Mr. Justice Bell in *Corley* v. *Atlanta,* 181 *Ga.* 381, 385 (182 S. E. 177), that there may be found confusion in the decisions on the question here involved. So much has been written on the subject, and the precedents have been so often assembled, that we shall not here make any elaborate effort to clarify. In doing so we might but add to the confusion. We shall merely undertake to apply what seems to be the recognized rule to the petition in the case. There seems to be no real difficulty in the understanding of the rule as stated in the Code, § 55-102. It merely states the general principle that courts of equity will, in ordinary circumstances, leave to the criminal courts the administration of the criminal laws, and will not ordinarily aid or interfere with their administration; but there have been many cases where, on the contention that prosecution (frequently under municipal ordinance alleged to be invalid) was being used to destroy property or interfere unduly with the operation of business or other rights, equity has assumed jurisdiction, not primarily to prevent criminal prosecution, but rather to protect the complaining person in reference to his property or its use, and as an incident to the granting of this relief—purely as a means to an end—has restrained the criminal prosecution. One of the several statements of the rule and its application is found in *Jewel Tea Co.* v. *Augusta,* 183 *Ga.* 817, 818 (190 S. E. 1), where Mr. Justice Jenkins, referring to the Code section involved and speaking for the court, said: "This provision, embodying a fundamental equitable principle, is so clear and unequivocal as to permit no exception, as such,

to the rule. It is true, however, that a given state of facts may involve other and different controlling equitable principles; and it is the application of such other principles to such facts that has given rise to the rulings of this court which are sometimes referred to as exceptions, but which are only apparent exceptions, and do not in fact run counter to the fundamental rule stated. Thus, while it is true that equity will not take jurisdiction for the purpose of administering criminal law, it is just as well settled that equity will not fail to exercise its peculiar function, where it is manifest that substantial property rights are primarily and directly involved, merely because the protection of such property rights may incidentally require the control of criminal or quasi-criminal prosecutions. In none of the cases adjudicated by this court has the distinction above set forth been disregarded. But, as was said by Justice McCay, in *Boynton* v. *Twitty,* 53 *Ga.* 214, 218, in dealing with another subject, 'The line of distinction is often so dim that one mind sees the case on one side of it, and another mind sees it on the other.'"

Also, in *Walnut Transfer & Storage Co.* v. *Harrison,* 185 *Ga.* 720, 723 (196 S. E. 432), we find the following illuminating discussion which dispenses with the comments we would otherwise wish to make: "'The general rule is that courts exercising equity jurisdiction will not enjoin criminal prosecutions. Code, § 55-102. In some cases involving special facts, injunction will be granted against unlawful enforcement of an ordinance or statute, although it be penal in character, for the protection of property or property rights or franchises against irreparable injury; as for instance where, under the guise of enforcing a penal ordinance or statute, it is manifest that the prosecutions and arrests are threatened for the sole purpose of unlawfully taking or destroying property, or preventing the exercise of a franchise granted by the State. *City of Atlanta* v. *Gate City Gas-Light Co.,* 71 *Ga.* 106 (5); *Peginis* v. *Atlanta,* 132 *Ga.* 302 (63 S. E. 857, 35 L. R. A. (N. S.) 716); *Baldwin* v. *Atlanta,* 147 *Ga.* 28 (92 S. E. 630); *Carey* v. *Atlanta,* 143 *Ga.* 192 (2) (84 S. E. 456, L. R. A. 1915D, 684, Ann. Cas. 1916E, 1151); *Brown* v. *Thomasville,* 156 *Ga.* 260 (118 S. E. 854); *Mayor &c. of Shellman* v. *Saxon,* 134 *Ga.* 29 (67 S. E. 438, 27 L. R. A. (N. S.) 452). The enjoining of the criminal prosecutions in such cases becomes incidental to the protection of the prop-

erty rights involved. *Jewel Tea Co.* v. *Augusta,* 183 *Ga.* 817 (190 S. E. 1). In *Georgia Railway & Electric Co.* v. *Oakland City,* 129 *Ga.* 576 (59 S. E. 296), in which this court discussed fully the principles above stated, it was said: 'The principle on which such cases usually rest is that the action sought to be enjoined is in the nature of a fraudulent use or abuse of legal proceedings, where the rights of the applicant for injunction are clear, and the proceedings are obviously nothing but a circuitous method of depriving him of his property or property rights, or where municipal authorities, under the pretense of seeking the good of the portion of society entrusted to their supervision, are in fact attacking the vested property rights of individuals or corporations.' In that case a number of earlier cases involving the so-called exception to the general rule were distinguished on the difference between the mere enforcement of the criminal feature of an ordinance or law, and the enforcement of the criminal feature for the purpose of preventing the exercise of property rights. Mere inconvenience and expense and apprehension of injury to property rights will not give equity jurisdiction. *Mayor &c. of Jonesboro* v. *Central of Georgia Ry. Co.,* 134 *Ga.* 190 (67 S. E. 716). Neither will mere general allegations of irreparable injury and deprivation of property rights. *Volunteers of America* v. *Atlanta,* 152 *Ga.* 461 (110 S. E. 282); *Candler* v. *Atlanta,* 178 *Ga.* 661 (174 S. E. 129)." See *Powell* v. *Hartsfield,* 190 *Ga.* 839 (   S. E.   ).

The cases which have usually been sustained in equity have been those which the court viewed as stating sufficient aggravation and improper use—we might say perversion—of the criminal process; that is, the result was more than mere inconvenience to parties required to answer and defend the prosecution, or extended to destruction of property or otherwise worked irreparable injury. Thus equity will take hold only to correct the mischief of misuse of the criminal prosecution resulting in irreparable injury. Typical of these is the recent case of *Great A. & P. Tea Co.* v. *Columbus,* 189 *Ga.* 458 (6 S. E. 2d, 320), where the facts alleged tended to show that there was such a scheme of enforcement as would result in a virtual closing up or destruction of plaintiff's business. Irreparable injury was there clearly shown. Equitable jurisdiction was there sustained, not because the ordinance was found to be unreasonable, although that finding resulted, but because the law

afforded no adequate remedy pending the final determination of that question. Such also was found to be the case of *Newton* v. *Atlanta,* 189 *Ga.* 441 (6 S. E. 2d, 61). There, according to the allegations of the petition, the enforcement of the ordinance complained of would have had the effect of destroying the business of the plaintiff and those engaged in similar business, which, it was claimed, constituted 99 per cent. of that class of business transacted in the City of Atlanta. The rule here dealt with was fully recognized in those cases, however. It is seen from a study of those and the many other cases cited in *Corley* v. *Atlanta,* supra, and in *Jewel Tea Co.* v. *Cartersville,* 185 *Ga.* 799 (196 S. E. 712), that equity is not a special or favored forum for determining the validity of municipal ordinances. Only under exceptional facts and circumstances may its powers be used to restrain criminal prosecutions, even though their defense may be burdensome and attended by inconvenience. The fact that the prosecution may be based on an invalid ordinance does not, in the absence of other circumstances, justify intervention of a court of equity changing the general rule. From *Jewel Tea Co.* v. *Carlersville,* supra: "Equity jurisdiction is established and allowed only for the relief of parties, where from any peculiar circumstances the operation of the general rules of law would be deficient in protecting from anticipated wrong or relieving from injuries done. Code, § 37-102. The fact that repeated arrests and prosecutions may be instituted under an invalid ordinance will not, without more, justify equitable interference. *City of Douglas* v. *South Georgia Grocery Co.,* 178 *Ga.* 657 (174 S. E. 127); *Corley* v. *Atlanta,* 181 *Ga.* 381 (182 S. E. 177); *Chivilis* v. *West,* 182 *Ga.* 379 (185 S. E. 348). . . There is a distinction between cases involving mere arrest and prosecution, *with the incidental delay and inconvenience which is common to all prosecutions,* and cases where property or a property right is directly affected. . . It might be asked whether it is really more burdensome to appear and defend against a criminal charge than to bring suit and attend trial in a court of equity. In each case there must be some delay and trouble."

Now examining the petition in the light of the principles heretofore decided by the court in the many cases dealing with the subject, only a few of which have been set forth above, let us see if a case is made for the exercise of equitable jurisdiction. The

plaintiffs allege arrests and threats of continued arrests; but we have seen that this is not sufficient. They allege threat of issuance and levy of executions, and that they may not avail themselves of the remedy afforded by affidavit of illegality; but mere apprehension of injury is not sufficient. *Bowden* v. *Georgia Public-Service Commission*, 170 *Ga.* 505 (153 S. E. 42) ; *Corley* v. *Atlanta*, supra; *Cathcart Van & Storage Co.* v. *Atlanta*, 169 *Ga.* 791 (151 S. E. 489) ; *Howard* v. *Briarcliff Zoological Corporation*, 178 *Ga.* 595 (173 S. E. 391). An action seeking declaratory judgment can not be maintained in this State. *Southern Railway Co.* v. *State*, 116 *Ga.* 276 (42 S. E. 508). If it could be said that the plaintiffs' petition makes a case, it would be upon the allegation that these prosecutions were causing and would cause irreparable injury and damage. We are of the opinion that the petition fails there also. The allegation in respect thereto is too general, vague, and indefinite. "Neither will mere allegations of irreparable injury and deprivation of property rights give equity jurisdiction." *Walnut Transfer &c. Co.* v. *Harrison*, supra. See *Volunteers of America* v. *Atlanta*, 152 *Ga.* 461 (110 S. E. 282) ; *Candler* v. *Atlanta*, 178 *Ga.* 661 (174 S. E. 129). Taking them separately, or considering them altogether, these allegations do not, in our opinion, measure up to such standards as those dealt with above, nor are they the equal in that respect to the allegations contained in such cases as *Newton* v. *Atlanta* and *Great Atlantic & Pacific Tea Co.* v. *Columbus*, supra. It is true that some cases that have been heretofore decided might be taken as precedents, and isolating these several allegations from plaintiffs' petition it might be said that a case was made; but reviewing all the cases, as we have anxiously done, and applying what we believe to be the true rule, the plaintiffs' case must be treated as falling short in the respects noted above. Physical precedents may be found where equity took hold on somewhat similar facts; but, as pointed out by Mr. Justice Cobb in *Southern Ry. Co.* v. *Brown*, 126 *Ga.* 1, 5 (54 S. E. 911), "A misapplication of the rule in a given case will not be a binding authority, unless the facts of the two cases are identically the same." When the law gives adequate relief, the functions of equity must not be distorted by border-line cases.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., who dissents.*