BUTLER *v.* CITY OF DUBLIN.

No. 13447.   FEBRUARY 12, 1941.

*R. I. Stephens, Palmer W. Hicks,* and *Lester F. Watson,* for plaintiff.

*Carl K. Nelson* and *Nelson & Nelson,* for defendant.

JENKINS, Justice. 1. "Equity will take no part in the administration of the criminal law. It will neither aid criminal courts in the exercise of their jurisdiction, nor will it restrain or obstruct them." Code, § 55-102. In order to fall within the recognized exception to this rule, "where property rights are involved and one's business and property may be subjected to irreparable damage unless there is speedily afforded relief," the relief must be such as "only equity can give." *Southeastern Greyhound Lines Inc.* v. *Atlanta,* 177 *Ga.* 181, 184 (170 S. E. 43) ; *Spur Distributing Co.* v. *Americus,* 190 *Ga.* 842 (11 S. E. 2d, 30), and cit. See *Morrow* v. *Atlanta,* 162 *Ga.* 228 (4) (133 S. E. 345) ; *Great Atlantic & Pacific Tea Co.* v. *Columbus,* 189 *Ga.* 458, 464 (6 S. E. 2d, 320) ; *Coker* v. *Atlanta,* 186 *Ga.* 473 (2) (198 S. E. 74) ; *Mather Brothers Inc.* v. *Dawson,* 188 *Ga.* 450 (4 S. E. 2d, 165).

2. Where, as in this case, an equitable petition alleges that petitioner's agent had been summoned to appear before a city recorder to answer a charge of a "violation of the building ordinances of said city," and the summons as set forth in the petition merely stated that such agent was accused of "violating building ordinance," and nowhere is it alleged that this particular charge related to any infringement of *zoning laws,* then and under such circumstances, irrespective of whether the petitioner would be entitled to proceed in equity in order to test the validity of the zoning laws of the city, or would be relegated to making his defense in the recorder's court, the mere alleged arrest of petitioner's agent under such a charge would not authorize an equitable proceeding in order to attack the zoning laws.

(*a*) But where the petition as amended goes further and sets forth that petitioner has been refused permission to construct on her property a building, although properly approved as to structural plans and specifications, solely by virtue of the application of a provision in the zoning ordinance, and that the city authorities had failed and refused to provide a board of zoning appeals as required by the zoning ordinance, with the result that the petitioner's remedies at law were inadequate, then and under such alleged circumstances, irrespective of what might be the general

rule as to whether the petitioner's agent would be required to defend himself before the recorder's court, or whether the petitioner should resort to the legal remedy of mandamus to require the city authorities to issue a building permit, the petitioner should be permitted under the allegations mentioned to resort to equity to enjoin the alleged acts of the city in interfering with the alleged property rights.

(b) Under these allegations, a basis for equitable relief appears, even though the petition does not attack the validity of the zoning ordinance by reason of the failure of the city to provide a board of zoning appeals, as required by the ordinance; but only sets up such omission as constituting a reason for equitable relief.

(c) In weighing the petition on demurrer, the right to maintain the petition in equity under such alleged circumstances, in order to attack the application of the zoning ordinance to this particular property as being arbitrary, oppressive, and unreasonable, is not impaired by reason of any facts set forth in the city's answer with respect to the alleged repeal of the provision in the zoning ordinance requiring a board of zoning appeals, and substituting therefor the mayor and board of aldermen, from whose decisions the right of certiorari is provided by statute. Code, §§ 19-101, 19-203. The case being on demurrer, it must be determined solely on the allegations of the petition.

3. There is no merit in the attack made by the first amendment to the petition, setting forth that the city's zoning ordinance required the zoning commission, in adopting regulations, to submit them to the mayor and aldermen before they became effective; and that the rulings never became effective against petitioner, because they were not adopted by the city council until after her agent had been charged with the violation of a city ordinance. The original petition alleged, without modification by amendment, that "after having her [plans and specifications] approved . . by a majority of the said zone commissioners, . . when said zone commissioners' report or action was reported to the full council of the City of Dublin for the purpose of review and ratification, the said council by a majority vote unlawfully and arbitrarily refused to grant said permit and ignored the recommendation and approval of its duly authorized zoning commissioners." Under the rule that contradictory or ambiguous pleadings must be construed most strongly

against the pleader (*Bowman* v. *Chapman,* 179 *Ga.* 49, 175 S. E. 241; *Doyal* v. *Russell,* 183 *Ga.* 518 (3), 189 S. E. 32), there is no merit in the contention that the city council failed to act, since it thus appears that they did act, but acted adversely to the petitioner.

4. It is "one of the fundamental rules of pleading that facts and not legal conclusions must be alleged," and that mere general conclusions without specific facts on which they are based will constitute no cause of action. *Field* v. *Brantley,* 139 *Ga.* 437 (3), 441 (77 S. E. 559); *Jones* v. *Ezell,* 134 *Ga.* 553 (5), 559 (68 S. E. 303); *Furr* v. *Burns,* 124 *Ga.* 742 (5) (53 S. E. 201). By section 20 of the act of March 31, 1937 (Ga. L. 1937, p. 1783), the legislature authorized the mayor and board of aldermen of Dublin to pass zoning ordinances and regulations. The instant petition by a property owner for an injunction against the city, in so far as it sought to attack the application of the zoning laws to the particular property, did not state a cause of action good against the general demurrer, since it failed to show by averments of fact, supporting mere conclusions, that the zoning commissioners or other officers of the city were proceeding arbitrarily or unreasonably with respect to such property in connection with the general plan of real-estate zoning, development, and improvement in precluding the use of the lot for business purposes. See *Howden* v. *Savannah,* 172 *Ga.* 833, 844 (159 S. E. 401), and cit.; Village of Euclid *v.* Ambler Realty Co., 272 U. S. 365 (47 Sup. Ct. 114, 71 L. ed. 303, 54 A. L. R. 106, and notes); Zahn *v.* Board of Public Works, 274 U. S. 325 (47 Sup. Ct. 594, 71 L. ed. 1074).

*Judgment affirmed. All the Justices concur.*

ATKINSON, P. J., concurs in the result, but not in all that is said in the opinion.