## SPEED OIL COMPANY *v.* CITY OF DUBLIN.

No. 14003. JANUARY 15, 1942.

*W. A. Dampier,* for plaintiff.   *Nelson & Nelson,* for defendant.

REID, Chief Justice.   The City of Dublin, on September 1, 1941, passed an ordinance prohibiting those engaged in the sale of gasoline or petroleum products from doing business before 7 o'clock

a. m., or after 7 o'clock p. m., and providing for prosecution and, upon conviction, punishment by fine or imprisonment. The plaintiff, being engaged in such business, sought to enjoin enforcement of this ordinance as against him, alleging that he had an established business in which he had made substantial investment; and that a considerable portion of his sales were made during these prohibited hours. He contended that the ordinance was discriminatory and unreasonable, and that it was unconstitutional in that its enforcement would result in taking his property without due process of law. He seeks immunity from the rule contained in the Code, § 55-102, that equity will not ordinarily interfere with criminal prosecutions, upon the idea that he will be deprived of profit from sales which otherwise he would be allowed to make, and that his lease of property where the business is conducted will be depreciated in value. It was stated in *Butler* v. *Dublin*, 191 *Ga.* 551, 553 (13 S. E. 2d, 362): "In order to fall within the recognized exception to this rule, 'where property rights are involved and one's business and property may be subjected to irreparable damage unless there is speedily afforded relief,' the relief must be such as 'only equity can give.' *Southeastern Greyhound Lines Inc.* v. *Atlanta*, 177 *Ga.* 181, 184 (170 S. E. 43); *Spur Distributing Co.* v. *Americus*, 190 *Ga.* 842 (11 S. E. 2d, 30), and cit. See *Morrow* v. *Atlanta*, 162 *Ga.* 228 (4) (133 S. E. 345); *Great Atlantic & Pacific Tea Co.* v. *Columbus*, 189 *Ga.* 458, 464 (6 S. E. 2d, 320); *Coker* v. *Atlanta*, 186 *Ga.* 473 (2) (198 S. E. 74); *Mather Brothers Inc.* v. *Dawson*, 188 *Ga.* 450 (4 S. E. 2d, 165)." No showing is made in the petition or in the evidence at the interlocutory hearing, upon a consideration of all of which, including the demurrer of the defendant, the judge denied an injunction, that the plaintiff stood in any imminent danger as to his property. It did not appear that the business was about to be closed, or that the city authorities intended to do any more than prosecute the plaintiff if he violated the ordinance. The evidence merely showed the passage of the ordinance, and that the plaintiff had been notified of it, and had upon inquiry been told by the officers under what circumstances sales might be made. No effort was made to show why adequate defense to prosecution could not be made in the recorder's court if and when an arrest should be made, or why the validity of the ordinance could not there be appropriately determined. The cases

on this question have been too often cited to authorize an attempt at exhaustive statement in this proceeding, which we hold does not meet the standard required to come within the exception to the general rule. In *City of Abbeville* v. *Renfroe,* 192 *Ga.* 467 (15 S. E. 2d, 782), this rule was applied to a case stronger on its facts than the one here made, and the distinction drawn between many illustrations of its application.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., who dissents.*