## CITY OF TIFTON *et al. v.* COOPER.

No. 16910. JANUARY 12, 1950.

*C. A. Christian,* for plaintiffs in error.

*Briggs Carson Jr.,* contra.

ALMAND, Justice. N. C. Cooper filed an equitable petition against the City of Tifton and others, to enjoin them from enforcing the provisions of a tax ordinance which assessed license fees against the owners and operators of music machines operated by inserting coins therein; it being alleged that the tax sought to be assessed was illegal and void as being in excess of the amount which could be levied under the provisions of paragraph 71, subsection a, of the general tax act of 1935 as amended. It was alleged that the plaintiff had tendered to the municipality the lawful amount which it could assess against him, that it had been refused, and that the municipality through its chief of police had issued a summons to him to appear in the police court

to answer the charge of doing business without a license in the City of Tifton. It was alleged that the chief of police "has directed your petitioner to disconnect the said music [machines] from the electrical circuits and cease the operation of said machines," but that he had invested the sum of $2500 in music machines, and they are worthless to him unless he could operate them at the locations theretofore used. He further had an investment of $1200 in records, which he used in said machines and which would be worthless if he should be forced to discontinue the use of said machines. He further alleged that he has five employees, three of whom devote their entire time to servicing and maintaining the machines; and if the municipal authorities are allowed to go to the various locations where the machines are located and disconnect them from the electrical circuits and order the respective local operators to discontinue use of the machines, "your petitioner will lose the said locations and thereby suffer irreparable damage." The prayers were: that the specific license tax on the owners of music machines be declared null and void; that the defendant and its officers be restrained from further arresting the plaintiff or interfering with the operation of his coin-operated music machines; and that the police recorder be enjoined from trying the plaintiff for the violation of the alleged void ordinance. By amendment, the plaintiff alleged the ordinance to be violative of the uniformity clause of the State Constitution.

The defendants filed general demurrers and an answer. The trial court by separate orders overruled the demurrer, and temporarily enjoined the defendants from collecting any amount of license tax on the machines in excess of that provided by law. The case is here on a bill of exceptions assigning error on these two orders.

Equity takes no part in the administration of the criminal law. It will neither aid criminal courts in the exercise of their jurisdiction, nor restrain or obstruct them. Code, § 55-102. The general rule, that a court of equity has no jurisdiction to enjoin prosecution of offenses, applies to prosecution under municipal ordinances quasi-criminal in their nature. Nor will a court of equity in such a proceeding inquire into the constitutionality or reasonableness of an ordinance making penal an act for the doing

of which a prosecution is threatened. *White* v. *Tifton,* 129 *Ga.* 582 (59 S. E. 299); *City of Atlanta* v. *Miller,* 191 *Ga.* 767 (13 S. E. 2d, 814). There is an exception to this rule, and equity will in a proper case, by injunction, prevent injury or destruction of property. *Great Atlantic & Pacific Tea Co.* v. *Columbus,* 189 *Ga.* 458 (6 S. E. 2d, 320). However, mere inconvenience, expense, or apprehension of injury to property rights will not give equity jurisdiction. *City of Jonesboro* v. *Central of Georgia Ry. Co.,* 134 *Ga.* 190 (67 S. E. 716); *Walnut Transfer & Storage Co.* v. *Harrison,* 185 *Ga.* 720 (196 S. E. 432). Nor will mere general allegations of irreparable injury in the deprivation of property rights authorize equitable intervention. *Volunteers of America* v. *Atlanta,* 152 *Ga.* 461 (110 S. E. 282); *Asa G. Candler Inc.* v. *Atlanta,* 178 *Ga.* 661 (174 S. E. 2d, 129).

The petitioner in the case at bar alleged that the municipality has issued a summons directing him to appear in the police court to answer a charge of doing business without a license. The only specific allegation as to any property of the defendant is that the chief of police "has directed your petitioner to disconnect the said music [machines] from the electrical circuits and cease the operation of said machines." There is no allegation in the petition that any property of the plaintiff has been seized, or that there has been any threat on the part of the defendant or its officers to interfere in any manner with plaintiff's music machines. There are no averments of even contingent or speculative injury or damage to plaintiff's property. The allegations as to the money which the plaintiff has invested in machines and records and what would happen to these investments "should he be forced to discontinue the use of said machines" are general allegations of what might happen if and when the defendants interfered with the use of these machines and records. The allegation in paragraph 13 that, "if the municipal authorities are allowed to go to the various locations where said machines are located and disconnect them from the electrical circuits and order the respective operators to discontinue the use of said machines, your petitioner will lose the said locations and thereby suffer irreparable damage," is a mere conclusion of the pleader without any specific facts to support such conclusion. The averments of the instant pe-

tition, unlike those involved in the cases relied on by the plaintiff (*Great Atlantic & Pacific Tea Co.* v. *Columbus*, 189 *Ga.* 458 (supra); *City of Albany* v. *Lippitt*, 191 *Ga.* 756, 13 S. E. 2d, 807; *Chandler* v. *Tifton*, 206 *Ga.* 43, 55 S. E. 2d, 568) are entirely insufficient to bring the present action within the exception to the general rule. In each of these cases there were specific allegations of injury or damage to property or interference by arrest of the plaintiff's employees.

It was error for the trial judge to overrule the general demurrer, which attacked the jurisdiction of the court, and thereafter to grant a temporary restraining order. The issues raised by the pleadings as to the validity or unconstitutionality of said ordinance are not passed upon.

*Judgment reversed. All the Justices concur.*