## 29330. BUNN v. CITY OF ATLANTA.

DECIDED MARCH 20, 1942. REHEARING DENIED APRIL 2, 1942.

*A. T. Walden, Mitchell & Mitchell,* for plaintiff in error.
*J. C. Savage, E. L. Sterne, J. C. Murphy, F. A. Hooper Jr.,* contra.

BROYLES, C. J. 1. "Individuals do not have the inherent right to conduct their private businesses in the streets of a city, and the

State or city can prohibit the owners or operators of jitneys and busses from transporting passengers for hire in such vehicles upon the streets of a city.

"(a) The transportation of passengers for hire in such vehicles or otherwise is a privilege which the State or the municipality can give or withhold.

"(b) The due-process and equal-protection clauses of the Federal and State constitutions protect rights alone, and have no reference to mere concessions or mere privileges which may be bestowed or withheld by the State or municipality at will. Discrimination in the grant of favors is not a denial of the equal protection of the law to those not favored." *Schlesinger* v. *Atlanta,* 161 *Ga.* 148 (129 S. E. 861).

2. "As individuals have no right to transport passengers for hire in jitneys or busses on the streets of a city, and as a city can prohibit wholly or partially the conduct of such business in its streets, if the city sees fit to grant permission to individuals to conduct such business in its streets, it can prescribe such terms and conditions as it may see fit, and individuals desiring to avail themselves of such permission must comply with such terms and conditions whether they are reasonable or unreasonable." *Schlesinger* v. *Atlanta,* supra. In elaboration of the headnote just quoted, the court stated as follows: "This ordinance is of a dual character. It is prohibitive in part and regulatory in part. Having held that the prohibitive part is valid and not unconstitutional, we now have to decide whether the regulatory features thereof are valid. Undoubtedly municipal ordinances which are intended to regulate lawful occupations and businesses must be reasonable. Otherwise they are void. But this principle is not applicable to the transportation of passengers for hire by the owners of jitneys and busses on the streets of a city. Such operators having no right to transact such business in the streets of a city, and as the cities can wholly prohibit the conduct of such business, if they see fit to grant permission for the conduct of such business on their streets, they can fix the terms and conditions upon which such business can be transacted; and permission to transact such business being a mere privilege or favor, the cities can name any terms and conditions which they may see fit, and the courts can not hold such terms and conditions unreasonable. The power to prohibit

entirely such business upon the streets includes the authority to fix conditions upon which such business can be done."

3. Applying the foregoing rulings to the facts of the instant case, the ordinance of the City of Atlanta in question was not unconstitutional or invalid for any reason assigned; and the overruling of the defendant's certiorari was not error.

*Judgment affirmed. Gardner, J., concurs.*

MacIntyre, J., dissenting. There is an ordinance of the City of Atlanta which reads as follows: "Be it ordained by the Mayor and General Council of the City of Atlanta, that from and after the passage of this ordinance it shall be the duty of all owners and/or operators of taxicabs or autos for hire within the City of Atlanta to indicate on the side of vehicle whether the taxicab or auto for hire shall be used by and shall serve white or negro passengers. The sign shall be painted on under the owner's and operator's sign, and shall be in letters not less than one inch in height. The sign shall read 'For White Passengers Only' or 'For Colored Passengers Only' as the case may be. The sign as well as the auto-for-hire or taxi-sign shall be painted on both sides of vehicle in an oil paint or contrast color of vehicle that can not be rubbed or washed off, and shall remain on car so long as the operator holds a permit and license to operate that machine. No such taxicab or auto-for-hire owner or operator shall carry both white and negro passengers in the same vehicle, but shall serve one or the other of said races to the exclusion of the other. There shall be white drivers for carrying white passengers and colored drivers for carrying colored passengers. Any person convicted of violating this ordinance shall be subject to a fine not to exceed $100, or sentenced to the public works of the City of Atlanta for a period not to exceed thirty days (30), any part of either one or both in the discretion of the recorder, and is also subject to having his driver's permit and license revoked by the police committee and general council. Applicants filing their petitions for permits shall state on their applications whether the taxicab or auto for hire is to be used for hauling white or colored passengers. All ordinances and parts of ordinances in conflict with this ordinance be and the same are hereby repealed." The defendant was convicted of a violation of this ordinance for the reason that he "did offer to carry white passengers for hire in an automobile owned by

him and licensed to him by the city, he being a person of color, and not having been licensed to carry white passengers." He obtained a writ of certiorari, and on the hearing the judge ruled as follows: "The above-stated certiorari involves the constitutionality of a city ordinance regulating the use of the streets of the city for the operation of motor vehicles for the carriage of passengers. The purpose of the ordinance is to preserve peace and prevent disorder upon the streets and thoroughfares of the city. Viewing the ordinance in that respect, and considering the charge to be a violation of that part of the ordinance which related to signs on the cars and the uses to be made of the cars, I am constrained to uphold the ordinance as being within the police power of the city. The question of the race of drivers was not involved in this case. Wherefore, the within certiorari is overruled and dismissed." The defendant excepted. The writ of error was made returnable to the Supreme Court; but that court transferred the case to this court, for the reason that the Supreme Court was without jurisdiction. *Bunn* v. *Atlanta,* 192 *Ga.* 682 (16 S. E. 2d, 539).

The defendant admitted that he had operated an automobile for hire in the City of Atlanta; that he had built up a patronage of both white and colored people, and that in operating it he had not complied with the ordinance in question. The city states in its brief that so much of the ordinance as seeks to prevent colored persons from contracting with white persons, and vice versa, is not relied on by the city, and that the sole question involved is the right of the city, as a condition to granting a permit to use its streets for private gain, to specify that taxicabs or autos for hire, using such license shall be dedicated to the transportation of either white or colored, and the same vehicles may not be used alternatively for transporting white and colored. The defense is that in so far as the ordinance prohibits a person owning only one car from transporting passengers of both races it is unconstitutional in that it violates art. 1, sec. 1, par. 2, of the constitution of Georgia (Code, § 2-102), which declares that "Protection to person and property is the paramount duty of government, and shall be impartial and complete," and the fourteenth amendment of the constitution of the United States (§ 1-815), which declares: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any

State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." The defendant contends in his brief that "the persons engaged in transporting passengers for hire should have a right to carry whites to a destination, and carry negroes on the return trip, or vice versa. He does not attack any clause which would prohibit whites and negroes from riding in the same car" at the same time.

"The conduct of the business of a carrier of passengers for hire over the streets of a city is a mere privilege, and not a natural or inherent right of the individual conducting such business. Being a privilege, it can be given or withheld; and may be given to members of one class and denied to those of another class." *Schlesinger* v. *Atlanta,* supra; Hodge Drive-It-Yourself Co. *v.* Cincinnati, 284 U. S. 335 (52 Sup. Ct. 144, 76 L. ed. 323). However, a different rule is applicable where the ordinary use of the streets is for travel or transportation by the owners of cars to and from their residences or places of business, this being the exercise of the right common to all. "A municipal corporation, under its general powers, has the right to make the distinction between those operators of automobiles who use the streets for ordinary purposes [purposes common to all] and those who use them in pursuit of their occupation or business." Pond on Public Utilities, 108, § 87; *Jewel Tea Co.* v. *Augusta,* 59 *Ga. App.* 260, 263 (200 S. E. 503). This principle has been followed in *Schlesinger* v. *Atlanta,* supra, and other Georgia cases, and the rule with reference to those who use the streets in pursuit of their occupation or business was applied to operators of jitneys or busses. *Jewel Tea Co.* v. *Augusta,* supra. But in view of the fourteenth amendment to the Federal constitution, such legislation (ordinance) must have limitations, and can not be sustained where the exercise of authority exceeds the restraint of either the State or the Federal constitution. Buchanan *v.* Warley, 245 U. S. 60, 81 (38 Sup. Ct. 16, 62 L. ed. 149, L. R. A. 1918C, 210, Ann. Cas. 1918A, 1201). Thus, there may be a discrimination which is so arbitrary that it goes outside the wide discretion that a city council may exercise, in that the discrimination would be a prohibition of a citizen's fundamental right to contract, in violation of his personal liberty and the right of pri-

vate property which the constitution intended to secure upon the same terms to every citizen.

The courts of this State and of the United States have held valid laws which separated the races on the basis of equal accommodation in public conveyances. Buchanan v. Warley, supra. These cases were based upon enactments which dealt with social rights, such as forbidding intermarriage of the races, requiring "Jim-Crow cars," and similar matters. Buchanan v. Warley, supra. For illustrations of social rights, see Carey v. Atlanta, 143 Ga. 192, 200 (84 S. E. 456, L. R. A. 1918B, 684, Ann. Cas. 1916E, 1151). These cases were dealing with the social rights, and were not dealing with the fundamental rights in property which the constitution intended—to secure upon the same terms for citizens of every race and color, whether white, black, red, yellow, or of whatever color.

The attack here is not on the ground of the segregation of the races because of unequal accommodations in public conveyances, so as to bring the case within the rules announced in those cases dealing with social rights. But the ground of attack in the instant case goes only to that part of the ordinance which the defendant contends strikes down or arbitrarily interferes with his right to contract, which partakes both of the nature of personal liberty and of the right of private property. Chaires v. Atlanta, 164 Ga. 754, 757 (139 S. E. 559, 55 A. L. R. 230). The instant case thus invokes a ruling on the constitutionality of only that portion of the ordinance which prohibits a person owning a taxicab or auto for hire from transporting both white and colored passengers in the same. In other words, this case tests the constitutionality of that portion of the ordinance which provides: "No such taxicab or auto-for-hire owner or operator shall carry both white and negro passengers in the same vehicle, but shall serve one or the other of said races to the exclusion of the other."

It seems to me that the principle recognized in Hodge Drive-It-Yourself Co. v. Cincinnati, supra, that no one has an absolute right to use city streets for the purpose of carrying on a private business, and hence the city may place conditions on their use, may not be applied except fairly to all persons, with "equal rights to all and special privileges to none;" and that the principle can not be made the basis for discrimination, nor to justify a violation of the con-

stitution, as pointed out in the defense made in the recorder's court, and as to which the *Carey* case, supra, *Glover* v. *Atlanta*, 148 *Ga.* 285 (96 S. E. 562), and the *Chaires* case, supra, are in point, supported as they are by decisions from the Supreme Court of the United States. The part of the ordinance which the defendant attacks does not deal with race segregation, public morals, public health, or public safety. Nothing of that kind is involved. It is designed to prohibit a person (whether white or colored), owning only one car, from transporting at different times passengers of both races, an infringement on a person's right to contract and his right to labor and to render service in exchange for money. All of these are rights which are arbitrarily struck down by the ordinance, and its enforcement therefore constitutes a substantial impairment of the liberty of the citizen as that word is used in our constitution and interpreted by our courts. *Chaires* v. *Atlanta*, supra. The discrimination, as it relates to that part of the ordinance attacked, is arbitrary in that it goes outside the discretion that a city council may exercise, in that the discrimination would be a prohibition of the exercise of a common, natural, and inherent right of the *individual* conducting the business to contract, and even a city council can not do this. I therefore can not concur in the judgment of affirmance.

ON MOTION FOR REHEARING.

BROYLES, C. J. Counsel for the movant allege that this court in its decision overlooked the following authorities: *Chaires* v. *Atlanta*, 164 *Ga.* 754, supra; Buchanan *v.* Warley, 245 U. S. 60, 81, supra, and the fourteenth amendment to the Federal constitution; art. 1, sec. 1, par. 2, of the constitution of Georgia. The decision in the *Chaires* case dealt with the regulation of barber shops and is not applicable to the issues of the instant case. The Buchanan case dealt with "the civil right of a white man to dispose of his property [a land lot] if he saw fit to do so to a person of color and of a colored person to make such disposition to a white person." That decision does not apply to the facts of this case. And, under the rulings of the Supreme Court of Georgia in *Schlesinger* v. *Atlanta*, cited in our original opinion, the city ordinance involved in the instant case is not in violation of the fourteenth amendment to the constitution of the United States, or of art. 1, sec. 1, par. 2, of the constitution of Georgia.

*Rehearing denied. Gardner, J., concurs. MacIntyre, J., dissents.*