On application of the principles announced in Wofford Oil Co.
v. Boston, 170 Ga. 624, it was erroneous to refuse an injunction.
 No. 14465. MARCH 11, 1943.
Jacksonville Paper Company filed suit against the City of Pembroke, seeking an injunction to restrain it from enforcing against *Page 601 
the plaintiff, its servants and employees, the ordinance hereinafter shown, it being alleged that petitioner conducts within the City of Savannah, Georgia, a wholesale paper and paper-products business, making deliveries of its products by truck in several counties in south Georgia, and in the southern part of South Carolina; that petitioner's employees who drive and operate its trucks make deliveries only, and do not solicit, receive, or take orders for the sale of petitioner's products, their sole duties being to deliver such products to the purchasers; that the defendant is seeking to enforce said ordinance against petitioner and its employees; that the defendant has already confiscated petitioner's trucks, removed and retained the keys therefrom, and has taken physical possession thereof, and threatens to cause to be arrested any of petitioner's employees who drive petitioner's trucks in and upon the public streets and highways of said city, and that it will confiscate or cause to be confiscated any of petitioner's vehicles using said highways for the purpose of making delivery of petitioner's merchandise, unless petitioner pays the $10 imposed by said ordinance. Petitioner desires to use said public highways for the delivery of its merchandise, but avers that it has the legal right so to operate its trucks thereupon without paying the tax illegally and unlawfully imposed by said ordinance. It prayed for injunction. The case was tried on an agreed statement of facts, as follows:
"On September 14, 1937, the City of Pembroke adopted an ordinance, which has not been repealed, and which was in effect at all the times mentioned herein, and is now in effect, reading as follows:
`Be it ordained by the Mayor and Councilmen of the City of Pembroke, Georgia, and it is hereby ordained by authority of the same, that from and after the passage of this ordinance a license fee, to be known and designated as "parking space or use of street privileges," in the sum of ten dollars, shall be charged upon all firms, companies, and/or individual or individuals delivering by motor truck or otherwise any goods, wares, hardware, implements, or merchandise to any store, warehouse, depot, or dwelling within said city, when said delivery is in the line of business of such firm, company, or corporation for the purpose of distributing either their own products or that of another for the purpose of use, sale, or disposition to the deliveree. *Page 602 
`Be it further ordained, that such person or persons, firm or corporation doing business of any nature whatsoever, and as above described, shall procure from the clerk of said City of Pembroke a license to be known and designated as "delivery license" and shall pay to said clerk the sum of $10.00 for each year in which said firm, corporation, or individual makes delivery in said City of Pembroke.
`Be it further ordained, that upon a failure of any such person, firm, or corporation to secure license from the City of Pembroke, that the city marshal or other officer in his place and stead within said City of Pembroke may seize the conveyance used as delivery or the merchandise contained in the conveyance, for the purpose of making the amount of said license fee, together with all costs accruing thereto.
`Be it further ordained, that any person, firm, or corporation violating the provisions of this ordinance by delivering any of the products above enumerated in the manner as above alleged shall be deemed guilty of misconduct and fined in the mayor's court of said City of Pembroke in accordance with the provisions of the charter of said City of Pembroke as contained in the legislative acts of Georgia, 1905, page 1042, section 8.
`Be it further ordained, that all ordinances and part of ordinances in conflict with the ordinance be and the same are hereby repealed. Done in open meeting, this September 14, 1937. [Signed] A. S. Bacon, Mayor, N.C. Morrison, Clerk.'
"Jacksonville Paper Company is a Florida corporation, trading as Atlantic Paper Company, with its principal office and place of business in Chatham County, Georgia. It has no agent, agency, or place of business in the City of Pembroke, or in the County of Bryan, Georgia. Said company conducts within the City of Savannah, Georgia, a wholesale paper and paper-products business, making deliveries of these products by trucks in several counties in South Carolina. Petitioner's truck drivers only make deliveries, and do not solicit, receive, or take orders for the sale of petitioner's products. Many deliveries are made in the City of Pembroke each year. Petitioner has not paid the $10.00 called for by the ordinance, and it refuses to pay said sum. City of Pembroke, the defendant, is a municipal corporation of the State of Georgia. It enforces and will continue to enforce the aforementioned ordinance *Page 603 
if it is valid; and it has notified petitioner, Jacksonville Paper Company, that said ordinance will be enforced against it unless the $10.00 called for by said ordinance is actually paid, and that it will seize petitioner's trucks and proceed under said ordinance it said $10.00 is not paid, and that it will also arrest petitioner's drivers if said sum is not paid. On May 13, 1942, defendant, through its officers and its mayor, arrested petitioner's employee, W. R. Wilson, who was driving petitioner's truck in the City of Pembroke. In addition to the seizure of petitioner's truck and the arrest of petitioner's driver, City of Pembroke charged that petitioner's driver had parked petitioner's truck in violation of a parking ordinance, and petitioner's employee after pleading guilty was fined by the mayor of said city the sum of $20.00 for this parking violation.
"It is hereby stipulated and agreed that the above constitutes a true and correct statement of the facts, and constitutes all of the material facts in connection with the above-styled cause, and that this stipulation and agreement shall be in lieu of all evidence on the subject, and shall be treated as evidence proved in the case. This stipulation and agreement is entered into for the purpose of having determined the validity of said ordinance under the pleadings filed by the plaintiff and defendant. This stipulation and agreement shall be filed of record and become a part of the proceedings in said cause."
Injunction was refused. Petitioner excepted.
While the preamble to the ordinance in question recites that the license fee named therein is to be known and designated as "parking space or use of street privileges," an examination of the ordinance discloses that it is not a license fee for the parking space or use of street privileges in the City of Pembroke, but that it apparently is designed to place a charge upon every one who delivers, either by motor truck or otherwise, any article within said city, whether to store, warehouse, or dwelling, when the purpose thereof is to distribute products for the purpose of sale or disposition to the deliveree. Nothing is said in the ordinance about the use of the streets as a place of business; and the ordinance can not be sustained by anything ruled by the Court *Page 604 
of Appeals in Bunn v. Atlanta, 67 Ga. App. 147
(19 S.E.2d 553), or by any reasoning on which the majority opinion in that case rests, or upon any authority relied on in that case. The instant case is in principle controlled by Wofford Oil Co.
v. Boston, 170 Ga. 624 (154 S.E. 145), where this and related questions were discussed and decided.
Judgment reversed. All the Justices concur.