BAUMGARTNER *v.* TOWN OF SOUTH PITTSBURG *et al.*

(*Nashville,* December Term, 1952.)

Opinion filed March 6, 1953.

RAYMOND A. GRAHAM and RAY L. BROCK, JR., both of Chattanooga, for complainant.

54

A. A. KELLY, of South Pittsburg, for defendants.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The bill was filed by complainant Baumgartner against the Town of South Pittsburg to secure a declaratory judgment as to the validity of Ordinance No. 172 of the town, this being a parking meter ordinance, and also to have an injunction against the town from enforcing said ordinance.

The Chancellor sustained the validity of this ordinance and this appeal resulted.

The principal contentions of the complainant are that the ordinance in question provides for a tax without any legislative authority and therefore void; also that said ordinance interferes with his right of ingress and egress to and from his property; and further, that the ordinance is discriminatory in that it made special provisions for taxicabs.

The Chancellor was of the opinion that our recent case of *Porter* v. *City of Paris,* 184 Tenn. 555, 556, 201

S. W. (2d) 688, was controlling as to the first proposition. In the Porter case, the question of whether complainant could maintain the suit was fully discussed. We said there that on account of the importance of the case and the fact that this Court had not passed upon the question, the contract entered into by the City of Paris with the meter corporation was not contrary to public policy and we further concluded that the fees imposed were proper for the installation, regulation and maintenance of the parking meters and did not constitute a tax. *Foster's Inc.,* v. *Boise City,* 63 Idaho 201, 118 P. (2d) 721; *Carson* v. *City of Genesse,* 9 Idaho 244, 253, 74 P. 862; *City of Phoenix* v. *Moore,* 57 Ariz. 350, 113 P. (2d) 935; *City of Columbus* v. *Ward,* 65 Ohio App. 522, 31 N. E. (2d) 142; *Hendricks* v. *City of Minneapolis,* 207 Minn. 151, 290 N. W. 428; *Ex parte Duncan,* 179 Okl. 355, 65 P. (2d) 1015; *State ex rel. Harkow* v. *McCarthy,* 126 Fla. 433, 171 So. 314.

In answer to the second contention, Section 2 of the ordinance provides:

"* * * no meter device shall be installed in front of any alley, garage entrance, filling station entrance or fire plug but no space herein excepted shall extend more than seventy-five (75) feet on either side of the center of the entrance to any garage or filling station or the center of a fire plug."

In compliance with this provision, no parking meters were installed in front of complainant's garage building for the distance of 50 feet that it abutted on the street. A parking meter was installed in front of an abutting property owner just immediately north of complainant's garage building, as a result of which, when a vehicle was parked in front of this meter at a forty-five degree angle, the rear end of it extended and encroached

upon the 50 foot space in front of complainant's building. When this was called to the attention of the Police Commissioner, he had this parking meter rendered inactive and taken out of use so as to insure to this complainant an unobstructed front of fifty feet.

■ ■ As to the third objection, and that is that it discriminated in favor of taxicabs, we quote the following from *Bunn* v. *City of Atlanta,* 67 Ga. App. 147, 19 S. E. (2d) 553, 554:

"As individuals have no right to transport passengers for hire in jitneys or busses on the streets of a city, and as a city can prohibit wholly or partially the conduct of such business in its streets, if the city sees fit to grant permission to individuals to conduct such business in its streets, it can prescribe such terms and conditions as it may see fit, and individuals desiring to avail themselve of such permission must comply with such terms and conditions whether they are reasonable or unreasonable."

It is to be further observed that there was no preference given to any particular taxicab company but a special place was reserved for all taxicabs. *Chicago Park District* v. *Lattipee,* 364 Ill. 182, 4 N. E. (2d) 86.

We have examined all of the assignments of error and find them without merit. It results that the decree of the Chancellor is affirmed.

TOMLINSON, Justice, not participating.